IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ZEPHYRINUS EGBUONU #242109, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. 2:07-cv-998-WKW |
| | ) |
| CAPTAIN BARRETT, et al., | ) |
| | ) |
| Defendants. | ) |

## AMENDED SPECIAL REPORT AND ANSWER

COME NOW Defendants Alabama Department of Corrections, Commissioner Richard F. Allen, former Commissioner Donal Campbell, Associate Commissioner Terrance McDonnell, Warden Willie Rowell, Warden Bobby Barrett, and General Counsel Kim Thomas, by and through the undersigned counsel in the above-styled action, and file their Special Report and Answer, pursuant to the November 9, 2007, of this Honorable Court. Defendants state as follow:

### PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that he has been denied access to the courts.

### DEFENDANTS

1. Richard F. Allen, Commissioner
   Alabama Department of Corrections
   P.O. Box 301501
   Montgomery, AL 36130

2. Donal Campbell, former Commissioner
   Alabama Department of Corrections
   P.O. Box 301501
   Montgomery, AL 36130

1

3. Terrance McDonnell, Associate Commissioner
   Alabama Department of Corrections
   P.O. Box 301501
   Montgomery, AL 36130

4. Willie Rowell, Warden II
   Kilby Correctional Facility
   P.O. Box 150
   Mt. Meigs, AL 36507

5. Bobby Barrett, Warden II
   Staton Correctional Facility
   P.O. Box 56
   Elmore, AL 36025

6. Kim Thomas, General Counsel
   Alabama Department of Corrections
   P.O. Box 301501
   Montgomery, AL 36130

7. Alabama Department of Corrections
   P.O. Box 301501
   Montgomery, AL 36130

## DEFENSES

Defendants assert the following defenses to Plaintiff's claims:

1. Defendants deny each and every material allegation contained in Plaintiff's Complaint and demand strict proof thereof.

2. Defendants plead not guilty to the charges in Plaintiff's Complaint.

3. Plaintiff's complaint fails to state a claim upon which relief can be granted.

4. Plaintiff is not entitled to any of the relief requested.

5. Defendants plead the defense of qualified immunity and aver that any purported action taken by any of them was reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by Plaintiff.

6. Defendants are entitled to qualified immunity and aver it is clear from the face of the complaint that Plaintiff has not alleged specific facts indicating that any Defendant violated any clearly established constitutional right.

7. Plaintiff is not entitled to any relief under 42 U.S.C. §1983.

8. The allegations contained in Plaintiff's Complaint against Defendants, fails to comply with the heightened specificity requirement of Rule 8 in §1983 cases against persons sued in their individual capacities. See Oladeinde v. City of Birmingham, 963 F. 2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Educ. of Escambia County, Ala., 880 F. 2d 305, 309 (11th Cir. 1989).

9. Defendants plead all applicable immunities, including but not limited to qualified, absolute, sovereign, discretionary function immunity, and state agent immunity.

10. Defendants were at all times acting under the color of state law and therefore, they are each entitled to substantive immunity.

11. Defendants plead the general defense.

12. This Court lacks subject matter jurisdiction due to the fact that even if Plaintiff's allegations should be proven, the allegations against these Defendants would amount to mere negligence which is not recognized as a deprivation of the Plaintiff's constitutional rights.

13. All claims of Plaintiff against these Defendants in their official capacities are barred by the Eleventh Amendment to the United States Constitution.

14. Defendants plead the affirmative defense that Plaintiff's Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render them liable to Plaintiff.

15. Defendants plead the affirmative defense that Plaintiff has failed to mitigate his own damages.

16. Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. §1997e(a) and as such these claims should be dismissed.

17. Defendants plead the affirmative defense that they are not guilty of any conduct which would justify the imposition of punitive damages against any of them and that any such award would violate the United States Constitution.

18. Pursuant to 28 U.S.C. §1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from Defendants who are state officers entitled to immunity as provided for in 42 U.S.C. §1997 (e) (c).

19. Defendants reserve the right to raise additional defenses.

## DISCLOSURES

In accordance with the November 9, 2007, Special Report Order, Defendants submit the following initial disclosures:

A. Attached affidavits of:

    1.    Richard F. Allen, Commissioner

    2.    Terrance McDonnell, Associate Commissioner

    3.    Willie Rowell, Warden II

    4.    Bobby Barrett, Warden II

    5.    Kim Thomas, General Counsel

B. The following persons may have personal knowledge of the facts relevant to the claims asserted by Plaintiff or the defenses asserted by Defendants:

Terrance McDonnell, Associate Commissioner

Willie Rowell, Warden II

Bobby Barrett, Warden II

Kim Thomas, General Counsel

Zephyrinus Egbuonu, Plaintiff

Victor Napier, Correctional Captain

Kilby Correctional Facility, Inmate Law Library Clerks

C. Clear and legible copies of the documents relevant to claims or defenses asserted in the action are as follows[1]:

| | |
|---|---|
| 6a. | Inmate Summary Data |
| 7. | Administrative Regulation 412, *Institutional Law Libraries* |
| 8. | Administrative Regulation 448, *Inmate Mail* |
| 9. | Inmate Handbook, page 18 |
| 10. | Standard Operating Procedure VII-6 |
| 11. | Request for Legal Access |
| 12. | Memo dated 02-13-2006 |
| 13. | Memo dated 09-24-07 |

## STATEMENT OF THE FACTS

Plaintiff was an inmate within the Alabama Department of Corrections. He was serving a 10-year term for two (2) convictions of Theft of Identity I. (Ex. 6a)

---

[1] Exhibits 1 – 13 were submitted with the Special Report and Answer dated December 21, 2007. (Doc. 10)

Plaintiff had access to the Law Library while he was confined at Kilby Correctional Facility in Montgomery, Alabama. (Ex. 12) Inmates are allowed access to the Law Library Monday through Friday, 8:00 am to 4:00 pm, and Saturday, 3:00 pm to 6:00 pm. (Ex. 2) From October 2005 to July 2006, Plaintiff visited the Law Library 172 times. (Ex. 2, 3, 4, 12) The Law Library has a vast selection of legal resources, including Lexis/Nexis. (Ex. 3, 4, 5) The institutional law clerks are well trained in research procedures. (Ex. 3, 4) Two (2) of the law clerks have completed paralegal training. (Ex. 3, 4) Issues or problems with the Law Library were reported to Defendant Barrett, who monitored the operations of the Law Library on a regular basis. (Ex. 4) Plaintiff also requested legal materials from the Law Library who then responded as to what research could be provided. (Ex. 13) The Law Library also informed Plaintiff of the proper process in requesting information. (Ex. 13) If information could not be accessed at the Law Library, there is a request process. (Ex. 11) Plaintiff did on at least one occasion submit a request that was processed. (Ex. 4, 11)

Plaintiff did have mail that was rejected due to the fact that it contained internet material. (Ex. 4) Internet material is prohibited from being sent into Kilby Correctional Facility. (Ex. 3, 4, 9)

Commissioners do not oversee the daily operations of the correctional institutions. (Ex. 1, 5)

## ARGUMENT

### I.    Immunities

As is evident from Plaintiff's complaint, his claims are directed principally toward actions allegedly perpetrated by officials of the Alabama Department of Corrections

(ADOC). There are no claims directed specifically toward Defendants ADOC, Commissioner Allen, or former Commissioner Campbell.

"'It is well established in [the Eleventh] Circuit that supervisory officials are not liable under §1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability.'" Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (quoting Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999). Thus, the Commissioner or former Commissioner cannot be subjected to suit merely because other state officials or agents who may ultimately answer to them have allegedly violated the law.

Defendants are officials or an agency of the State of Alabama, Plaintiff's official-capacity claims must be considered to be against the State itself. This affords the Defendants Eleventh Amendment immunity; the State need not actually be named as a party for such immunity to be available. See Williams v. Bennett, 689 F.2d 1370, 1376 (11th Cir. 1982), cert. denied 464 U.S. 932 (1983). Thus, Plaintiff's federal claims for damages against the Defendants in their official capacities are barred by Eleventh Amendment immunity and should be dismissed.

Defendants are entitled to qualified immunity regarding the individual-capacity federal claims stated in Plaintiff's complaint. The basic test for qualified immunity was stated in Harlow v. Fitzgerald, 457 U.S. 800 (1982):

> [G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate "clearly established" statutory or constitutional rights of which a reasonable person would have known.

457 U.S. at 818. Qualified immunity bars claims "so long as [the defendant's] actions could reasonably have been thought consistent with the rights they are alleged to have violated." Anderson v. Creighton, 483 U.S. 635, 638 (1987). Further, qualified immunity is not just a bar to damages; it is a bar to suit. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Even allegations of animus by a state actor against a plaintiff are not sufficient to overcome the presumption of qualified immunity. See Hansen v. Soldenwagner, 19 F.3d 573, 578 (11th Cir. 1994) (stating that "[f]or qualified immunity purposes, the subjective motivation of the defendant-official is immaterial"). Also, in Gardner v. Howard, 109 F.3d 427, 429-430 (8th Cir. 1997), the Eighth Circuit held "[q]ualified immunity shields government officials from §1983 damage liability unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" (Citing Harlow, 457 U.S. 800).

The justification for qualified immunity is that such immunity is necessary in order for the government to effectively function. If not for the protections of immunity, state officials could be subject to suit for every move they make, which would have a serious chilling effect on the ability of such officials to do their jobs. In sum, state officials should be allowed to exercise discretion in the performance of their duties without fear of a lawsuit around every corner. Mitchell, 472 U.S. at 525-26; see also Hunter v. Bryant, 502 U.S. 224, 229 (1991); Burrell v. Bd. of Trustees of Ga. Military College, 970 F.2d 785, 794 (11th Cir. 1992), cert. denied, 507 U.S. 1018 (1983).

In the present case, Defendants deny that they violated "a clearly established right" of the Plaintiff. As such, it is incumbent upon Plaintiff to show that Defendants violated "clearly established constitutional law" in their dealings with Plaintiff. See

Zeigler v. Jackson, 716 F.2d 847, 849 (11th Cir. 1983) (holding that it is a plaintiff's burden to rebut a defendant's qualified immunity defense). This, however, has not been demonstrated by Plaintiff. He has alleged no constitutional injury perpetrated by any Defendant. Likewise, Plaintiff cannot contend that the Commissioner or former Commissioner vicariously harmed him because of the alleged actions of other state officials or agents. See Cottone, 326 F.3d at 1360. Because Plaintiff cannot demonstrate that any of his clearly established constitutional rights have been infringed, qualified immunity bars his attempt to impose liability on Defendants. Therefore, Plaintiff's federal claims against Defendants in their individual capacities should be dismissed.

Plaintiff's state-law claims against the Defendants in their official capacities are similarly barred by the State's sovereign immunity, as is bestowed by Article I, section 14 of the Alabama Constitution of 1901. In Haley v. Barbour County, the Alabama Supreme Court held that "Section 14 prohibits actions against state officers in their official capacities when those actions are, in effect, actions against the State." 885 So. 2d 783, 788 (Ala. 2004) (citing Lyons v. River Road Constr., Inc., 858 So. 2d 257, 261 (Ala. 2003), and Mitchell v. Davis, 598 So. 2d 801, 806 (Ala. 1992)). Thus, Plaintiff's claims under state law for damages against Defendants in their official capacities are barred by sovereign immunity and should be dismissed.

In Ex parte Butts, 775 So. 2d 173 (Ala. 2000), the Alabama Supreme Court adopted a test that was first set out in its plurality opinion in Ex parte Cranman, 792 So. 2d 392 (Ala. 2000), for evaluating whether a state official sued in his individual capacity is entitled to immunity as an agent of the State. Though distinct from a qualified immunity analysis under federal law, State-agent immunity similarly shields state

9

officials from liability while they are discharging their duties in good faith. In this case, Defendants' alleged actions clearly fall within the protection of State-agent immunity under Alabama law. See Butts, 775 So. 2d at 177-78 ("A State agent *shall* be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's . . . exercising judgment in the discharge of duties imposed by statute, rule, or regulation in releasing prisoners").

Defendants can only be divested of State-agent immunity upon a showing that they acted willfully, maliciously, fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of law. Butts, 775 So. 2d at 177-78; Ryan v. Hayes, 831 So. 2d 21, 28 (Ala. 2002). Moreover, it is Plaintiff's burden to make such a showing. Ryan, 831 So. 2d at 27-28; see also Giambrone v. Douglas, 874 So. 2d 1046, 1052 (Ala. 2003) (holding that, once it is shown that a state agent was undertaking a discretionary function, the burden shifts to the plaintiff to disprove the defendant's entitlement to immunity). Therefore, Defendants are immune from Plaintiff's suit.

## II.    Access to Courts

The courts have continuously recognized that the operation of correctional institutions are, at best, a difficult assignment and that correctional officials must be given broad range in discretion and latitude in which to carry out their duties. See Hewitt v. Helms, 459 U.S. 460 (1983). "Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 547 (1979), Sims v. Mashburn, 25 F. 3d 980 (11th Cir. 1994).

In <u>Wilson v. Blankenship</u>, 163 F.3d 1284, 1290 (11th Cir. 1998), the Eleventh Circuit Court of Appeals held that "the fundamental constitutional right of access to the courts requires prison authorities to ... provid[e] prisoners with adequate law libraries or adequate assistance from persons trained in the law." (Quoting <u>Bounds v. Smith</u>, 430 U.S. 817, 828 (1977)). "While prison officials must provide prisoners with direct legal assistance or access to a law library, they are not required to provide both, so long as the constitutional requirement of 'meaningful access' is met." <u>Ex parte Thigpen</u>, 513 So.2d 101 (Ala. Crim. App. 1987); quoting <u>Bounds</u>, 430 U.S. at 817; other citations omitted. The <u>Wilson</u> Court recognized that the United States Supreme Court "clarified that prisoners' contentions of deprivations of access to courts must show actual injury as a 'constitutional prerequisite'." <u>Wilson</u>, 163 F.3d at 1290; <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996); <u>Weaver v. Brenner</u>, 40 F.3d 527, 533 (2nd Cir. 1994). The <u>Wilson</u> Court stated:

> While *Bounds* guarantees the right of access to the courts under the Fourteenth Amendment, prisoners have no inherent or independent right of access to a law library or to legal assistance. *See Lewis*, 518 U.S. at 349-51, 116 S.Ct. at 2179-80. Instead, they must show actual injury in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement. *Id.* at 355-57, 116 S.Ct. at 2182. "Impairment of any *other* litigating capacity is simply on of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355, 116 S.Ct. at 2182.

It is the policy of Defendant ADOC "to provide legal resource libraries and to permit all inmates access to the materials available." (Ex. 7) Should necessary materials be "missing" "the inmate should report this to the institutional law library supervisor by submitting Form N944L i, 'Access to Legal Material.'" (Ex. 7) In the case at bar, Plaintiff has been allowed access to a law library and various case law. (Ex. 3, 4, 11, 12,

11

13) Plaintiff requested and received various research. (Ex. 11, 12) He has not shown how, if at all, he has been injured. Therefore, this case should be dismissed.

### III.   Legal Mail

Plaintiff alleges that Defendants opened and returned legal research that was mailed from his family. The ADOC established an administrative regulation to address incoming and outgoing inmate mail. The current regulation is AR 448, which was enacted on December 19, 2005. This regulation defines "legal mail" as "[l]etters to and from attorneys, courts, judges, clerks, and other officials of the courts and governmental agencies." The regulation states that "[a]ll 'Legal Mail' will be opened and inspected in the presence of the inmate." This regulation further states that the inspection of "[i]ncoming mail, including 'Legal Mail', shall be inspected for contraband and/or for abuse of the mail privilege. Outgoing mail may be inspected for contraband." (Ex. 8) It should be noted that Plaintiff is aware of the mail procedure since these procedures are stated in the Alabama Department of Corrections, Inmate Handbook. (Ex. 9)

The United States Supreme Court considered the issue of incoming legal mail in Wolff v. McDonnell, 415 U.S. 539, 576-577 (1974). The Wolff decision held "[w]e need not decide, however, which, if any, of the asserted rights are operative here, for the question is whether, assuming some constitutional right is implicated, it is infringed by the procedure now found acceptable by the State....we think that [the prison officials], by acceding to a rule whereby the inmate is present when mail from attorneys is inspected, have done all, and perhaps even more, than the Constitution requires." "The policy that incoming confidential legal mail should be opened in inmates' presence instead serves the prophylactic purpose of assuring them that confidential attorney-client mail has not

been improperly read in the guise of searching for contraband." Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); citing Harrod v. Halford, 773 F.2d 234 (8th Cir. 1985); Morgan v. Montanye, 516 F.2d 1367 (2nd Cir. 1975). The legal research that was rejected was internet material that was sent from a free-world person. (Ex. 3, 4) This type of material is prohibited from entering the institution. (Ex. 3, 4, 10) Thus, the material was rejected. Therefore, there was no violation of Plaintiff's rights.

Wherefore these premises considered, Defendants pray that this Honorable Court will find that Plaintiff is not entitled to any relief and this complaint should be dismissed.

Respectfully submitted,

/s/TARA S. KNEE
TARA S. KNEE
ASSISTANT ATTORNEY GENERAL
ASSISSTANT GENERAL COUNSEL

**ADDRESS OF COUNSEL:**
Alabama Department of Corrections
Legal Division
Post Office Box 301501
Montgomery, Alabama 36130-1501
(334) 353-3885

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of January, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non-CM-ECF participants):

Inmate Zephyrinus Egbuonu
#27041-265
Federal Detention Center
P.O. Box 5010
Oakdale, LA  71463


/s/Tara S. Knee
Tara S. Knee
Assistant Attorney General
Assistant General Counsel

```
 28/JAN/2008      15:12:42    CDSUM     DISPLAY INMATE SUMMARY DATA    ** PRODUCTION **
                                        499        L-TARA      CDSUM01    604
--------------------------------------------------------------------------------
 AIS: 00242109    INMATE: EGBUONU, ZEPHYRIUNS C              RACE: B   SEX: M

 INST: 000-UNASSIGNED                       JAIL CR: 0670D  DOB: 03/04/1965
 SSN: ########    PAR CONS DT: 08/2006      CURR CUST: NONE  CURR CUST DT:09/14/2005
 ALIAS:                                     ALIAS:
 ADM TP: NEW COMIT FROM CRT W/O REV OF      STATUS: EOS FROM PAROLE
 INIT SENT DT:08/02/2005 ADM DT: 08/02/2005 DEAD TIME: 00Y 00M 00D
                                     N                                      TY
 COUNTY     SENT DT     CASE    L  CRIME                         TERM       PE
 JEFFERSON  08/02/2005  1422.1  Y  THEFT OF IDENTITY I         * 10Y00M00D  CS
 JEFFERSON  08/02/2005  1422.2  Y  THEFT OF IDENTITY I         * 10Y00M00D  CC



                 NO MORE RCDS THIS TYPE AVAIL
 INMATE HAS 000DISCIPLINARIES RESULTING IN LOSS OF 000Y00M00D OF GOOD TIME.
 INMATE HAS 007TRANSFER RECORDS ON FILE.
 INMATE HAS 00 DETAINER/WARRANT RECORDS ON FILE.
  TOTAL  TERM   REV GOOD TIME   MIN REL DT   TOT GOOD TIME   SHORT DATE   LONG DATE
 010Y 00M 00D   000Y 00M 00D    11/30/2007   006Y 02M 20D    11/30/2007   09/26/2013
```



DEFENDANT'S EXHIBIT 6a