IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ZEPHYRINUS EGBUONU,
#27041-265
     Plaintiff,

v.

CAPTAIN BARRETT, *et al.*,

     Defendants.

2:07-CV-998-WKW

\*

\*

\*

\*

\*

## AFFIDAVIT RESPONSE TO KIM THOMAS'S AFFIDAVIT

Before me, the undersigned authority, Notary Public in and parish and State of Louisiana at large, personally Zephyrinus Egbuonu, who being known to me and being by me first duly sworn deposes any says on oath as follows:

My Name is Zephyrinus Egbuonu, I am presently at immigration civil detainee at the Federal Detention Center in Oakdale, Louisiana and a former inmate of Kilby Correctional Facility, Mount Meigs, Alabama from September 2005 to August 1, 2006. Ex. 28    I am over nineteen (19) years of age.  Kilby Correctional Facility ("KCF") is a Alabama Department of Corrections ("ALDOC") system.

**General Counsel Kim Thomas** was the General Counsel for the Alabama Department of Corrections Legal Division ("ALDOC LD") and has being with the ALDOC LD for over past twelve (12) years.

General Counsel Thomas is responsible for providing legal advice to staff members regarding the law library and assist them



**EXHIBIT 9**

if necessary, in ordering the required material.   Ex. 101

General Counsel Thomas has a duty to advise the Office of Primary Responsibility ("OPR"); Commissioner, Deputy Commissioner Staff Unit, Warden, Director, Office, or activity having functional responsibility for the program, procedure, law, rule, or regulation matter.   Ex. 100, 101

Genuine issue of material fact existed as to whether the General Counsel Thomas did and or did not advised the OPR as with respect to Inmate Egbuonu's civil complaint request made to the KCF which were the moving force behind the prison official violating Inmate Egbuonu's First and Fourteenth Amendments of the United States constitutional rights.   Ex. 52, 54, 56-58, 67, 100, 101

General Counsel Thomas failed to advise the OPR to provide inmates with access to: 1) legal material cited by the government just like in Inmate Egbuonu's matter before this Honorable Court; 2) law library desktop computer non-interest Lexis/Nexis database; 3) adequate law library with adequate desktop computer database terminal;  4) current legal citation decisions as the courts announced the decisions;  5) a trained paralegal law librarian clerks;  6) out of state legal citations outside 5th and 11th federal circuit;  7) internet incoming mail material text prints; 8) Courts, and his failure to advise the OPR correctly was the moving force behind the Inmate Egbuonu's constitutional rights violations.   Ex. 2-3, 41-42, 44-48, 61-62, 67-68, 71-73, 81, 83-87, 93, 100-107, and Def, Ex. 10.

General Counsel Thomas was the ALDOC LD at the time:  1) KCF Warden Terrence McDonnell enacted KCF SOP VII-6 Inmate Privileges which provides:

2

**"3. All incoming letters will be inspected for contraband money and/or abuse of mail privileges before the delivery to the inmate**

**a.   Any type of internet material is prohibited"**

KCF Standard Operating Procedure ("SOP") Number: VII-6 (II)(A); Def. Ex. 10, in the 21st Century irrespective of the First and Fourteenth Amendment of the United States constitution;  2) the AL ALDOC entered into a contract with Lexis Nexis (non-interenet database) to provide legal materials in DVD format and two desktop computer with Lexis Nexis database for over 900 inmates at KCF;  3) the ALDOC limited inmates access to the Fifth and Eleventh Circuit Court of Appeals decisions and United States Courts decisions within the judicial;  4) the ALDOC/KCF deliberately forced inmates to expose and submit their legal work and research to the law librarian clerk to receive assist using the desktop computer;  5) the ALDOC/KCF system denied inmate direct access to use the desktop computer Lexis Nexis database without exposing their legal work to a third party;law librarian clerk.

General Counsel Thomas failed to advise the OPR that the stated above described may violate inmates' First and Fourteenth Amendments to the constitution as to a point that inmates are being deprived access to the Courts in the Unites States to commence their litigation.

General Counsel Thomas statement that:

**"prior to the awarding of the contract to Lexis Nexis, the law libraries contained the above material in printed form"**

in part is inaccurate when the law library contained more legal printed form informations icluding all Federal Court decisions

3

than what is available in the KCF institution law library desktop
computer Lexis Nexis database.   Inmates were denied access to dec-
isions from other United States Circuit and District Courts expect
Fifth and Eleventh Circuit and District Courts.

General Counsel Thomas failed to provide Inmate Egbuonu
adequate law library and access to legal materials and access to
the Court when he and others failed to provide Inmate Egbuonu with
legal Citation decisions, resources and information that Inmate
Egbuonu  requested which was forwarded and faxed to him by the KCF
prison officials.    Ex. 2, 54, 56-58, 68, 87, 97 and Def. Ex. 11

General Counsel Thomas failed to provide Inmate Egbuonu
adequate law library and access to legal materials and Courts when
General Counsel Thomas took over weeks to inform KCF prison offic-
ial that inmates' requested legal materials were not available and
in respond to other requests made by Inmate Egbuonu.  Ex. 2, 56-58,
68, 87, 97, Def. Ex. 11

Inmate Egbuonu that General Counsel Thomas have not pres-
ented the Court with an adequately developed records that he rece-
ived from Inmate Egbuonu and KCF prison officials as with respect
to Inmate Egbuonu claim for relief form the Court meaningfully eva-
luate the asserted governmental interest, whether a valid and rat-
ional connection exists between the regulation and that interest,
whether alternative to Inmate Egbuonu, the effect accomodating the
right would have on prison official and inmates, or the absence of
ready alternatives, despite that Inmate Egbuonu did notified and
informed General Counsel Thomas and others about the unconstitut-
ional access denial and situation that existed at the KCF.   Ex. 50-

4

58, 68, 87, 97

General Counsel Thomas has a constitutional obligations
to take reasonable measure to advise the OPR and guarantee inmates
like Inmate Egbuonu has: 1) access to legal materials (legal
citation decisions, statutes, resources, informations and others);
2) right of access to incoming mail containing internet generated
downloaded material text prints; 3) right of access to the adeq-
uate law library, rights of access to the Courts; 4) train prison
official on how conduct their duties and protect inmates' const-
itutional rights such as to develop and or enforce a policy of
sharing informations regarding legal materials and deviate from
unconstitutional policy that violates inmates' constitutional
rights. Ex. 44-58, 58, 87, 97, and Def. Ex. 10. See Ex. 98-107

General Counsel Thomas failed to fulfill and meet the
stated above described constitutional obligations when he failed
to make available the legal materials Inmate Egbuonu requested and
his failure to fulfill and meet the sated above constitutional
obligations were the moving force in violation of the Inmate Egbu-
onu's constitutional rights by the others at ALDOC and KCF.

General Counsel acted negligently, recklessly disregarded
acted with actual malice or intent and with deliberate indiffer-
ence when he failed to advise OPR as with respect to stated above
constitutional obligation and did nothing and failed to intervene,
re-advise and correct and protect Inmate Egbuonu's constitutional
rights after being informed and notified by Inmate Egbuonu. Ex.
56-58, 68, 87, 97.    General Counsel Thomas violated Inmate
Egbuonu's constitutional rights when he failed to respond and pro-

vide Inmate Egbuonu the stated above constitutional obligations
nor provide or make available an alternative solution. Ex. 50-58,
68, 87, 97    General Counsel Thomas actions and inactions as with
respect to the Inmate Egbuonu's constitutional rights violations
were also the moving force behind the violations and caused Inmate
Egbuonu irreparable suffer, harm and injury.    Moreso, General
Counsel Thomas was the ALDOC LD general counsel responsible to
advise the OPR whether an inmate shall not receive or have access
to legal materials, access to adequate law library, access to the
court, and incoming mails containing internet material text prints.

        At no time did General Counsel Thomas provide or make
available the legal materials Inmate Egbuonu requested where not
in the KCF law library nor made available alternative in which
Inmate Egbuonu could receive it.   Ex. 50-58, 68, 87, 97   General
Counsel Thomas acted with deliberate indifference when he failed
provide inmates like Inmate Egbuonu the legal citation decisions
he requested and a way of knowing when the State, Federal, United
Supreme Courts announce a new decisions effecting his incarcera-
tion.    Inmate at the KCF have no access to current decision as
announced by the courts and have no access to desktop computer
database which happens to be updated on a quarterly basis.   Ex.
50-58, 68, 87, 97

        General Counsel Thomas has caused Inmate Egbuonu to suffer
irreparable harm and injury when his advise, policy and custom and
conducts failed to provide Inmate Egbuonu access to the law libr-
ary desktop computer database for research, adequate law library,
legal materials cited by the government and used to deny Inmate

                                6

Egbuonu his claim for relief.  Ex. 50-58, 68, 87, 97

General Counsel Thomas has no policy in place to provide
Inmate Egbuonu legal citation decisions outside Eleventh and Fifth
Circuits Inmate Egbuonu needed to review, commence his pleading
timely to Federal Courts and in doing so violated Inmate Egbuonu's
Constitutional Rights.

General Counsel Thomas has failed to advise the OPR to
place a policy and information in place to have legal citation
decisions cited by the government against inmates ready and avai-
lable in the law library for inmates like Inmate Egbuonu to review
and commence his pleading timely to various courts.

General Counsel Thomas totally and recklessly disregarded
the stated above and acted with deliberate indifference and did
nothing to advise and correct deficit and failed to:  a) fashion a
policy addressing Inmate Egbuonu's complaint after being notified
and informed;  2) failed to make a good faith effort to advise and
implement or request that OPR enforce the policy rules and regula-
tions consistent to constitutional mandates and protect inmates'
like Inmate Egbuonu's Constitutional rights;  3) failed to advise
the prison officials on how to conduct their duties, abide by
ALDOC AR and Constitution and protect inmates  like Inmate Egbuonu
from being denied access to the stated constitutional obligations;
4) failed to respond to Inmate Egbuonu's complaints requesting for
legal assistance.  Ex. 50-58, 68, 87, 97  and Def. Ex. 5

At no time General Counsel Thomas responded to Inmate
Egbuonu's letters to him requesting his assistance to obtain the
legal materials necessary and needed by Inmate Egbuonu to review,
research, prepare, serve, file and commence federal courts as with

respect to Inmate Egbuonu's exhausted States' writ. EX. 1, 14, and other civil rights litigations.

General Counsel Thomas delays and not to respond to Inmate Egbuonu's request was unreasonable based upon the informations known to him at the time and as such, General Counsel acted with deliberate indifferences not to protect Inmate Egbuonu's Constitutional rights, and failed to advise the OPR and others that internet prohibit violates inmates like Inmate Egbuonu's Constitutional rights as with respect to incoming mails containing internet material text prints. Ex. 44-48, 61, 81, 100-1006 and Def. Ex. 3, 4, 5.

General Counsel Thomas recklessly disregarded that the stated above described constitutional obligations and is to prevent the first unconstitutional conduct actions and inactions from occurring and: 1) perpetually failed to advise the OPR and others to apply and enforce rules, precautions and due process to bar unconstitutional conducts from occurring; 2) perpetually failed to advise the OPR and others to protect inmates' constitutional rights under the First and Fourteenth Amendments of the United States Constitution; 3) failed to advise the OPR and others in respect to the stated above described constitutional obligations and as a result Inmate Egbuonu has suffered under General Counsel Thomas failure to advise and continued to suffer.

It is unconstitutional for General Counsel Thomas to deny Inmate Egbuonu's access to the stated above described regardless of whether that denial is occurring under the plain language of the ALDOC, KCF, Contract Counsel regulation(s) or by virtue of the manner in which prison officials were screening the access.

Ex. 2-3, 41-42, 44-48, 53-58, 61-62, 67-68, 71-73, 81, 84, 87, 93,
97, 100-107.

General Counsel Thomas has failed as a General Counsel
when he failed to establish legal assistance, advise, coordinate
with others including prison officials and contractors which would
have:  1) prevented and discourage prison officials and contract-
ors from violating inmates like Inmate Egbuonu's constitutional
rights;  2) alerted Alabama Department of Justice and Judicial
Systems to provide the ALDOC and KCF the legal materials or funds
to purchase legal materials that inmates like Inmate Egbuonu
requested and needed to commence his exhausted States' denied writ.
EX. 1, 13, 14

General Counsel Thomas has failed to coordinate Inmate
Egbuonu request for legal materials with the appropriate office
and prison officials that would have assisted and provide Inmate
Egbuonu the legal material that he requested.  General Counsel
has failed to respond to Inmate Egbuonu's request.  Ex. 50-58,
68, 87, 97

General Counsel Thomas advise or misadvise and support
of the policy and custom that failed provide inmates the legal
materials inmates needed when the prison officials forced inmates
like Inmate Egbuonu to depend on the inmates' law librarian clerks
to conduct search of legal materials including legal citation dec-
isions from the computer database for him was  the moving force
behind Inmate Egbuonu's constitutional violations when the prison
officials were not properly advise which led to deny of Inmate
Egbuonu's numerous current legal citation decisions that he needed

9

to review that were in the law library desktop computer database.
Ex. 52, and Def. Ex. 3, 4, 5.

General Counsel Thomas failed to provide Inmate Egbuonu
the legal materials and assistance he requested and neccessary
for his legal research despite that he was notified and properly
informed by Inmate Egbuonu, but General Counsel Thomas recklessly
disregarded and acted with deliberate indifference and failed to
intervene.   Inmate Egbuonu suffer as a result of the failure.

General Counsel Thomas as a general counsel of ALDOC LD
has failed to establish how over 900 inmates at KCF can adequately
access to Lexis Nexis available law library two desktop computer
database for their respective research and shepardize legal citat-
ion decisions and meet court due dates to commence their pleading
in various court.

General Counsel Thomas under his advise or misadvise
supported the policy and custom that failed to provide inmates
adequate law library and access to the court when:  1) he failed
to provide inmates with adequate number of desktop computer data-
base in the absence of current books for inmates' research and
preparation of their legal documents to serve, file to the courts
to commence personal liberty interest.   Ex. 52, and Def. Ex. 3, 4,
45   Inmate Egbuonu suffered under the stated above advise or misadvise.

General Counsel Thomas is afraid and have no interest to
rehabilitate inmates in the state of Alabama in the 21st Century
technology, when he and others perpetually deny inmates access to
use the inmates' two desktop computer Nexis Nexis database contain-
ing updated legal citation decisions and forced inmates like

10

Inmate Egbuonu to depend on KCF law librarian clerks to provide
him with their research and Inmate Egbuonu has no way of knowing
and verifying whether the inmate law librarian actually do conduct
crisp and precise research that he requested and a result Inmate
Egbuonu suffered and to continue to suffer.    Ex. 52

General Counsel Thomas was aware and possessed knowledge
that institution law librarian  clerks has no time for assisting
indigent inmates who have no money or items to pay inmate law lib-
rarian clerk for the computer database research but totally reck-
lessly disregarded and acted with deliberate indifference to deny
inmates like Inmate Egbuonu access to use the inmates' law library
desktop computer to conduct his research in the 21st Century tech-
nology but access were given to other inmates law librarian clerks.

Inmate Egbuonu has never waived his personal interest to
conduct his legal research on the law library desktop computer
database, however General Counsel Thomas  advise to others and
others forced Inmate Egbuonu to surrender his research to the law
librarian clerk which lacks knowledge about Inmate Egbuonu's crim-
inal case.   Inmate Egbuonu has suffered under General Counsel
Thomas's advise and supported custom and policy.

Inmate Egbuonu was denied access to his incoming mail con-
taining internet generated downloaded legal material text prints
in part that were not available at the KCF institution law library;
Ex. 2, 44-48, 53-58, 61, 67-68, 81, 83-87, 93, 100-107 and General
Counsel Thomas failed to advise OPR and others including prison
officials and contractors to abide by their ALDOC AR, and Constit-
ution of the United States and conduct their duties to protect

11

inmates' constitutional rights.

General Counsel Thomas in his filed affidavit failed to
address whether internet materials is a threat to the safety and
security of the public, staff, inmates and at KCF but not in Staton
Correctional Facility ("SCF") and other institution in Alabama
with the same common interest.   Ex. 44-48, 100, 1006-107 and Def.
Ex. 1, 2, 3, 4, 5.

General Counsel Thomas was aware and possessed knowledge
of the KCF institution policy which provides that incoming mail
containing internet is prohibited. Def. Ex. 10   However, General
Counsel Thomas in his filed affidavit failed to address whether
the KCF SOP Number VII-6 internet policy is consistent with the
ALDOC AR , States and Federal Laws and First and Fourteenth Amend-
ments of the United States Constitution.   EX. 100-102, 104,
106-107 and Def. Ex. 3, 4, 5, 10

General Counsel Thomas and other failed to address and
disclose to the court whether the KCF SOP Number VII-6 dated 01-
27-03 was effective under the ALDOC AR 018 dated 03-19-85 and in-
effective under the ALDOC AR 018 dated 03-29-05 and or prison off-
icials have failed to abide by the updated ALDOC AR 018 dated 03-
29-05 and constitution of the United States.   Ex. 100, 107 and
Def. Ex. 10

General Counsel Thomas failed:  1) to abide by the 2005
ALDOC AR policies and advise the OPR within the parameters spec-
ified and set forth by the laws of the State of Alabama in conjun-
ction with the 2005 ALDOC AR policies and directives of ALDOC
Commissioner, Ex. 100, 101, 107,  Def. Ex. 10;  2) to advise and

12

and ensure that the KCF SOP's are complete current and consistent
with the parameters specified and set forth by the laws of the
State of Alabama and Federal Constitutional law in conjunction
with the ALDOC AR;  4) to advise OPR and others to updated SOP
annually to be consistent with ALDOC AR 018, 448.  Ex. 100, 107.
No records presented by the KCF and or ALDOC in this matter that
indicated that the KCF SOP VII-6 has been: 1) current;  2) updated
annually;  3) consistent with ALDOC AR, as reguired by ALDOC AR
108.   As  a result of the stated above failure, Inmate Egbuonu's
constitutional rights were violated and Inmate Egbuonu suffered.
Ex. 3, 44-48, 61, 81, 99-107 and see Def. Ex. 10.

        General Counsel Thomas was the general counsel of ALDOC LD
and was aware of the 2005 ALDOC AR mandates but recklessly disreg-
arded and acted with deliberate indifference and failure to advise
others to abide by the directive of ALDOC AR as with respect to
Inmate Egbuonu's numerous complaints and requests for: 1) access
to legal materials including legal citation decisions, statutes,
resources, informations, which were not available in the KCF inst-
itution law library;  2) right of access to adequate law library
when legal citation decisions cited by government were not avai-
lable in the law library and inmates were not allow to use the
law library computer desktop database containing updated legal
citation decisions to reserach and prepare their respective court
pleading;  3) rights of access to the courts;  4) right of access
to incoming mail containing internet generated downloaded material
text prints of legal citation decisions, resources and informations
and others which were not available in the KCF law library.

General Counsel Thomas and others have supported the KCF
SOP Number VII-6 dated 2003 and other custom policy against
inmates in State of Alabama and deprived Inmate Egbuonu of his
constitutional right and caused Inmate Egbuonu to suffer irrepara-
ble harm and injury.    Ex. 2, 3, 41-42, 44-48, 53-58, 61-62, 68,
71-73, 81, 83, 87, 93, 100-107, and Def. Ex. 10

Genuine issue of material fact existed as to whether the
General Counsel Thomas acted alone and did not advise the OPR and
other prior to the enactment of the KCF SOP Number VII-6 in 2003
and or Whether the enactment of the KCP SOP Number VII-6 in 2003
was solely based on the advise or misadvise of the General Counsel
Thomas and or both the OPR and General Counsel Thomas or General
Counsel at the time have worked together agreed to enactment of
KOP SOP Number VII-6 as with respect of Inmate Egbuonu's civil
complaint? Ex. 3, 4, 5, 100, 107 and Def. Ex. 10

Genuine issue of material fact existed as whether based
on the General Counsel advise the OPR and others did rely on old
ALDOC AR and or KCF SOP manual(s) to denied Inmate Egbuonu access
to internet material text prints containing legal citation decis-
ions that were not available inthe institution law library, and
infact KCP SOP VII-6 (II)(A)(3) superseded the 2005 ALDOC AR ?
Ex. 100-14,  106-107 and Def. Ex. 10

Inmate Egbuonu states that General Counsel Thomas advise
or misadvise to the OPR and others and enacted KCP SOP VII-6 were
the moving force behind Inmate Egbuonu's constitutional rights
violations when Inmate Egbuonu was denied access to legal materials
and in doing so denied him access to the court.

14

General Counsel Thomas accepted the Lexis Nexis contract with ALDOC System to provide legal material DVD formats on a quarterly basis to the KCF institution law library two desktop computer database for the law librarian clerk, Def. Ex. 3, 4, 5 however supported the KCF policy that denied inamtes access from receiving incoming mail containing internet material text prints format from Lexis Nexis and West Laws legal citation decisions which were not available in the KCF law library.   EX. 2, 44-48, 61, 81, 83

Inmate Egbuonu states that General Counsel Thomas advise to OPR and others as relate to internet prohibit policy was arbitrary and unjustifiable when he failed to advise the OPR and others to abide by established procedures or standards and constitution snd evince improper objective and was not done for legitimate and neutral reasons.  Inmate Egbuonu next states that he failed to see how complete denial of access to constitutional protected education materials (regardless of behavior) further behavior management or rehabilitation.

Inmate Egbuonu further states he fail to see as to alternative means of exercising the stated above right access through inadequate law library and legal assistance is not an adequate substitute for reading internet generated downloaded material text prints

General Counsel Thomas has made no effort to explain why incoming mail containing internet generated downloaded material text prints are more susceptible to being used to deliver contraband than other items such as printed text materials form computer and photocopies from a text book.

15

Inmate Egbuonu states there would not seen to be much of a penological interest in prohibiting access to internet download-ed material text prints but not books, computer word processor material text, magazine, television, radio and other programs con-taining similar contents that inmates have access to.

The General Counsel of ALDOC in the past and present have offered no justification on the behalf of ALDOC/KCF for enforce-ment of the regulation restricting access to internet material text prints, access to internet material of out of state legal citation  decisions and its accompanying text prints, access to which were not available at the KCF law library, in doing so under his advise or misadvise enforced internet prohibit policy denied Inmate Egbuonu access to legal materials and access to the court despite it was entirely forseeable that denial and arbitrary denial of the out of state legal citation decisions cited by the Alabama State Judicial System would Inmate Egbuonu's ability to prepare his petition and commence his pleading before the federal courts.   Ex. 44-48, 61, 81, 83, 38

General Counsel Thomas as a general counsel of ALDOC LD in his filed affidavit did not explain why other prison systems can get along without such restrictive rules prohibiting inmates like Inmate Egbuonu from receiving incoming mails containing int-ernet material text prints but the KCF in Alabama State can't.

Indeed, the failure of General Thomas to explain why other institutions  with the same compelling interests was able to accomodate the same internet material text prints may constitute a failure to establish that General Counsel Thomas and others were using the least restrictive.   Moreso, General Counsel Thomas and

16

others fails to explain why it does not have a similarly restric-
policy enforce on other computer material text prints and media
since the interest in whatever it may be are no less compelling
for computer material text print and media.

General Counsel Thomas under his advise or misadvise to
OPR and others forced inmates like Inmate Egbuonu to choose bet-
ween following his First and Fourteenth rights and belief or
abandoning them satisfies the irreparable harm and injury, and the
balanace of hardship favors the  Inmate Egbuonu and General Counsel
Thomas violated Inmate Egbuonu's First and Fourteenth constitute
irreparable harm and injury.

Inmate Egbuonu has never violated any of the ALDOC AR
policy, custom , rules and regulations and prison officials and
others have not stated otherwise or prove the same.   Ex. 28

At no time were sanctions, citations, denial, disciplinary
actions issued to Inmate Egbuonu by prison officials and others
for:  1) filing any false statement or complaint for the stated
above described constitutional obligations;  2) failure to follow
direct prison order;  3) failure to follow law librarian clerk
order;  4) failure to request/ file access to legal materials and
law library form N944L i when available and provided to him;
5) filing any false allegation against prison official, contractor
and law law librarian;  6) violating of any ALDOC AR rules or reg-
ulations.  EX. 2, 28, 44-48, 53-58, 61, 67-68, 83-87, 93, 100-107,
and Def. Ex. 11, 12

General Counsel Thomas and others are responsible for the
deficiency of the internet material mail and law library and legal
materials policies, customs and regulation because of his advise

17

or misadvise and they instituted that system, defined the obligat-
ions of the stated above described access denial, and as a result,
the  General Counsel Thomas and others are liable for their own
actions which impeded the Inmate Egbuonu's access to the incoming
mails containing internet material text prints, legal material,
adequate law library, access to the court and Inmate Egbuonu's
actual irreparable harm and injury.

General Counsel Thomas and others facilitate OPR and
other prison official conducts, approve it, condone it and turn a
blind eye for fear of what he might see in other words act either
knowingly or with deliberate reckless indifference when he failed
to response to Inmate Egbuonu's complaint letter or intervene and
correct the unconstitutional conduct by his prison officials and
contractors.  Ex. 67, 83.

Inmate Egbuonu's evidences before the court is not only
believable prior to discovery, but compelling that General Thomas
and others were aware, possessed knowledge that Inmate Egbuonu
have never been to, nor had contact with the State of Alabama,
was falsely labelled fugitive from Alabama in the 21st Century and
extradited to Alabama inconsistent with Federal laws and constit-
ution of the United States and Universal Declaration of Human
Rights subjected to trial before the Alabama State Tribunal purs-
uant to the Alabama State Code § 13A-8-196 with the hometown jury
of the Alabama State's accuser where no crime or element of crime
was committed.  Ex. 3, 4, 12, 14, 15-18, 27, 30, 98

General Counsel Thomas was aware and possessed knowledge
that Inmate Egbuonu was tried inthe Alabama State in absence of

18

the constitutional due process and jurisdiction of the United
States irrespective that the constitution mandate criminal trial
shall be held where crime was committed.  Ex. 3, 4, 12, 14, 15-18,
27, 30, 67, 97, 98 , U.S.C Article I, III, IV, VI and U.S.C. Amend-
ments 5, 6, 8.

General Counsel Thomas worked alone and together with
others to denied deprived Inmate Egbuonu the legal citation dec-
isions he requested that he needed to conduct research prepare
file his exhausted state's writ before the Federal Court and also
denied him access to receive incoming mail containing internet
generated downloaded material text prints in part including the
legal material decisions that Inmate Egbuonu requested which were
not available in the institution law library . Ex. 44-48, 51-56,
67, 83

General Counsel Thomas was aware and possessed knowledge
of the stated above described and took every step necessary to
prohibit Inmate Egbuonu from informing or notifying the federal
court timely about the State of Alabama new enacted code § 13A-
8-196 which is in contrary to Federal laws and constitution of
United States, International Treaties and Universal Declaration of
Human Rights, and as a result of his actions and inactions, Inmate
Egbuonu have suffered irreparable harm and injury and damages and
loss and continuous incarceration and detention.

Inmate Egbuonu re-alleges and incorporates by references:
General Counsel Thomas failure to fulfill and meet the stated
above described constitutional obligations and failed to proper
advise the OPR and others; Inmate Egbuonu's attached evidence

Thomas

exhibits; filed civil complaints; and Inmate Efgbuonu's response General Counsel Kim Thomas's Special Report and Answer and Affidavits and states that General Counsel Kim Thomas has violated Inmate Egbuonu's First and Fourteenth Amendments constitutional rights, Federal and States laws and regulations respectively as with respect to Inmate Egbuonu's claim for relief and has engaged in intentional or reckless conduct, the conduct extreme and outrageous, the conduct caused the Inmate Egbuonu sleeplessness, emotional distress, damages, economic and non-economic loss and was severe.    General Counsel Thomas has worked alone and together with others to form a custom policy which violates Inmate Egbuonu's First and Fourteenth Amendments' constitutional rights, Federal and State laws and regulations respectively in all manner.

*Egbuonu Zephyr*

Zephyrinus Egbuonu
(Acting Pro-Se)

**STATE OF LOUISIANA**

**OAKDALE, LOUISIANA**

Sworm to and scbscribed before and under my hand official seal this the ___10TH___ day of March, 2008.

_____
Notary Public

My Commission expires: _cut Death_

## CERTIFICATE OF SERVICE

I hereby certify that I have this 19th day of March, 2008 served a copy of the forgoing attached, by first-class United States Mail, postage prepaid and addressed upon the following:

Tara S. Knee

Assistant Attorney General
Assistant General Counsel
Alabama Department of Corrections
Legal Division
Post Office Box 301501
Montgomery, Alabama 36130-1501

Zephyrinus Egbuonu
(Acting Pro-Se)
27041-265 FDC
Federal Detention Center
Post Office Box 5010
Oakdale,
Louisiana 71463

ZEPHYRINUS EGBUONU
27014-265  FDC
FEDERAL DETENTION CENTER
P.O. BOX 5010
OAKDALE, LOUISIANA 71463

7006 2760 0001 0414 9423





POSTAGE DUE 4¢





LEGAL MAIL

OFFICE OF THE CLEAK
UNITED STATES DISTRICT COURT
CIVIL DIVISION
MIDDLE DISTRICT OF ALABAMA
15 LEE STREET
MONTOGOMERY, ALABAMA 36104