IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2008 MAR 31  A 10: 59

ZEPHYRINUS EGBUONU,
#27041-265
    Plaintiff,

DEBRA P. HACKETT CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

                           *

    v.                        *         2:07-CV-998-WKW

CAPTAIN BARRETT, *et al.*,      *

    Defendants.            *

## AFFIDAVIT RESPONSE TO CAPTAIN BOBBY BARRETT'S AFFIDAVIT

Before me, the undersigned authority, Notary Public in and parish and State of Louisiana at large, personally Zephyrinus Egbuonu, who being known to me and being by me first duly sworn deposes any says on oath as follows:

My name is Zephyrinus Egbuonu, I am presently at immigration civil detainee at the Federal Detention Center in Oakdale, Louisiana and a former inmate of Kilby Correctional Facility, Mount Meigs, Alabama from September 2005 to August 1, 2006.  Ex. 28 I am over nineteen (19) years of age.  Kilby Correction Facility ("KCF") is an Alabama Department of Corrections ("ALDOC") system.

**Captain Bobby Barrett** was the Captain at the Kilby Correctional Facility at     the event took place.  Captain Barrett was responsible for the security operation of the prison.  The KCF Law Library and Notification of Rejected Mails were two     his responsibilities at the KCF.

# EXHIBIT 8

at the KCF.    Deputy Warden Rowell was the supervisor of Captain

Bobby Barrett whose responsible includes KCF law library and mail-

room.

Captain Barrett has failed to establish how over 900 inma-

tes at KCF can adequately access to the law library two desktop

computer with Lexis Nexis database for their respective research

and shepardize legal citation decisions and meet various courts

deadline to commence their pleading.

Captain Barrett failed to provide inmates adequate law

library and access to the court when:  1) he failed to provide

inmates with direct access to the law library desktop computer

database in the absence of current book format for inmates'

research and preparation of their legal documents to serve, file

to the courts to commence personal liberty interest.  Ex. 52, and

Def. Ex. 3, 4, 45 Inmate Egbuonu suffered under the stated above

failure to provide access.

Captain Barrett is afraid of technology and have no inter-

est to rehabilitate inmates in the State of Alabama in the 21st

Century technology, when he and others perpetually deny inmates

access to use the inmates' two desktop computer Lexis Nexis data-

base containing updated legal citation decisions and forced inmat-

es like Inmate Egbuonu to depend on the KCF law librarian clerks

to provide him with their research and Inmate Egbuonu has no way

of knowimg and verifying whether the inmate law librarian actually

do conduct crisp and precise research that he requested and a

result Inmate Egbuonu suffered and continue to suffer.

Captain Barrett was aware and possessed knowledge  that KCF

2

institution law librarian clerks have no time for assisting ind-
igent inmates who have no money or items to pay inmate law libra-
rian clerk for the computer database research but totally reck-
lessly disregarded and acted with deliberate indifference to deny
inmates like Inmate Egbuonu access to use the inmates' law library
desktop computer to conduct his research in the 21st Century tech-
nology but access were given to other inmates law librarian clerks.

Inmate Egbuonu has never waived his personal interest to
conduct his legal research on the law library desktop computer
database, Captain Barrett and others forced Inmate Egbuonu to
surrender his research to the law library clerk which lacks know-
ledge about Inmate Egbuonu's criminal case.    Inmate Egbuonu has
suffered under Captain Barrett actions and inactions in support
of the policy and custom.    Ex. 52

Inmate Egbuonu states irrespective of whether all materials
in the KCF institutional law library are selected, approved, and
provided through ALDOC or ALDOC Legal Division and specifically
overseen by ALDOC Legal Division ("ALDCO LD"), Inmate Egbuonu was
denied access to adequate law library, legal materials, Court, and
incoming mail containing internet generated downloaded text
materials.    Ex. 44-48, 50, 52-55, 61, 81, 87, 97, 100-104, 106-107

Inmate Egbuonu states that the KCF law library contains
digital legal materials in the Lexis Nexis database system and
hard copy legal printed text format does not constitute that the
KCF has adequate law library when inmates were denied adequate
access to use the law library digital legal materials and hard
copy legal printed text format.    Ex. 52, 62, 71-73

No records before the Honorable Court depicted the establ-

ished authenicated law library opening hours by prison officials
to ensure that inmates and inmates workers receive adequate law
library hours for their legal research.  Ex. 41, 42, 62, 71-73.

Inmate Egbuonu has filed complaints requesting for:  1)
established law library schedule opening hours;  2) adequate acc-
ess to ingress and egress to law library, however prison official
did not respond to Inmate Egbuonu's complaints.  Moreso, the Kilby
Correctional Facility's prison officials uses the institution law
library for showcase and meeting and visiting, and as such is not
for inmates to spend adequate time inside the law library to
research and commence their pleading to various courts, and Cap-
tain Barrett was aware and possessed knowledge but recklessly
disregarded and acted with deliberate indifference and did nothing
to correct the deficit and as a result Inmate Egbuonu suffered.
Ex. 41-42, 62,  71-73

The existing law library rule at the time of event required
every inmates to sign-in to ingress the law library once a day,
the rule did not required inmates to sign-out to egress the law
library, for instance, if an inmates ingress to law library for
two (2) minutes, that 2 minute spend would be count as one (1)
day.  Therefore, Captain Barrett's statement in his filed affidav-
it which provides that:

> "In a previous 42 U.S.C. § 1983 complaint (Civil Action:
> 2:07 CV 685-ID) against this facility, inmate Egbuonu com-
> plained that he was denied access to the law library.  It
> was shown that inmate Egbuonu had visited the Kilby Law
> Library on 172 days from October 2005, to July 31, 2006.
> Thus, the case was abandoned."

4

Def. Ex. 3, in part is incorrect and inaccurate on the basis that
Inmate Egbuonu did not abandon his **Civil Action: 2:07 CV 685-ID**
complained that he was denied access to the library. See Inmate
Egbuonu's Civil Action: 2:07 CV 685-ID affidavits' Ex. 3, 6, 31
In addition, Captain Barrett failed to address the issue that
Inmate Egbuonu complained of, and has failed to establish what the
KCF institution law library memo meant by 172 days on the basis
whether the actually time Inmate Egbuonu spend in the law library
was 172 minutes or 172 hours from October 2005 to July 31, 2006?
Captain Barrett has failed to establish how long was Inmate Egbuonu
spend at the law library on the 172 days that he and others present-
ed?    Def. Ex. 13

Inmate workers and others at the KCF are being denied adequ-
access to the library on the basis for instance, 2nd shift kitchen
work hour if from 10 AM to 6 PM,  however the prison official Kitchen
Steward required 2nd shift kitchen inmate workers to report to the
kitchen an hour (1) or an hour and half (1.5) early to get ready to
serve the inmate general population.  Ex. 41-43    The inmate law
library open as depicted by the prison officials' exhibit in the
Civil Action: 2:07 CV 685-ID indicated Monday to Friday 8 AM to 4
PM and Saturday 3 PM to 6PM.  Def. Ex. 2, 3, 4

Captain Barrett was aware that prison officials at "Gate 3"
denied inmates access to ingress and egress to the law library during
the morning hours prior to  lunch but Captain Barrett did nothing to
correct the deficit.   Ex. 62, 71-73  Def. Ex. 3, 4

The 2nd shift kitchen inmate workers:  1) have no ample access
to the law library;  and  2) are being denied their constitutionally

protected rights of access to the court.

Captain Barrett was aware, possessed knowledge that 2nd shift kitchen inmates workers are being denied access to law library pursuant to the ALDOC Administrative Regulation and Constitution of the United States, but totally and recklessly disregarded and acted deliberate indifference when he failed to take actions to correct the inadequate law library access deficit of inmate workers right of access to the courts. Ex. 62, 71-73, 101, 102, 106   Captain Barrett's action and inactions were the proximate caused of Inmate Egbuonu's irreparable harm and injury and loss and Inmate Egbuonu's constitutional rights violations.

Inmate Egbuonu states that he was not aware of that the KCF have a licensed paralegal law librarian clerk in the institution law library.   The KCF law librarian clerk at the time of the events were unable to research and shepardize his request using the law library two desktop Lexis Nexis computer database and provide and make available the identifying informations and accompanying legal citation decisions and others Inmate Egbuonu requested on several occasions in part.

Captain Barrett's enforced policy or custom has failed to provide inmates like Inmate Egbuonu access and or the legal materials he needed when Inmate Egbuonu was forced to depend on the inmates' law librarian clerks to conduct search of his numerous legal decisions from computer database for him and as a result Inmate Egbuonu was denied numerous current legal citation decisions that he needed to review that were in the law library desktop computer database.    Ex. 52,  Def. Ex. 3, 4, 5

Captain Barrett and others has no policy in place to provide

6

Inmate Egbuonu legal citation decisions outside Eleventh and Fifth Circuits Inmate Egbuonu needed to review, shepardize, commence his pleading timely to federal court and in doing so, violated Inmate Egbuonu's constitutional rights under the First and Fourteenth Amendments.    Ex. 53-58, 68, 87, 97 Def. Ex. 5

Inmate Egbuonu states that Captain Barrett have not preseted the Honorable Court with an adequately developed records that he received from Inmate Egbuonu as with respect to Inmate Egbuonu claim for relief for the Honorable Court meaningfully evaluate the asserted governmental interest, whether a valid and rational connection exists between the regulation and that interest, whether alternative to Inmate Egbuonu, the effect accomodating the right would have on prison official and inmates, or the absence of ready alternatives, despite that Inmate Egbuonu did notified informed Captain Barrett and others about the unconstitutional access denial and situation that existed at the KCF. Ex. 50, 52, 53-54, 55, 58 despite that Captain Barrett was properly notified and informed by Inmate Egbuonu but Captain Barrett and others did nothing and failed to correct the deficit and protect Inmate Egbuonu's constitutional rights.    Ex. 44-48, 50, 52, 53-54, 58, 62, 66, 71-74, 96

Captain Bohr correct name is Captain Bolling.    Captain Bolling is employed at the KCF at the time the events took place.

Genuine issue of material fact existed as to whether the Captain Barrett did and or did not not obtain advise from ALDOC Legal Division ("LD") as with respect to Inmate Egbuonu's request for legal assistance made to the KCF which were the moving force

behind the prison officials violating Inmate Egbuonu's First and
Fourteenth Amendments of the United States Constitutional rights.
Ex. 44-48, 50, 52, 53-54, 58, 61, 62, 71-73, 81, 100-104, 106-
107

Captain Barrett and others failed to provide inmates with
access to:  1) legal material cited by the government against
Inmate Egbuonu;  2) law library desktop computer non-internet
Lexis Nexis database;  3) adequate law library with adequate desk-
top computer database terminal;  4) current legal citation decis-
ions as the courts announced the decisions;  5) a trained para-
legal law librarian clerk to assist inmates not the prison offi-
cials;  5) out of state legal citations outside Fifth and Eleventh
Federal Circuit;  6) internet incoming mail material text prints;
8) Courts, and his failure to provide or make available Inmate
Egbuonu's request  was the moving force behind the Inmate Egbuonu's
constitutional rights violations.  Ex. 2-3, 41-42, 44-48, 50,
52-54, 58, 61-62, 67, 68, 71-73, 81, 83-87, 93, 100-107,  and
Def. Ex. 10

Captain Barrett at the time of the event was aware of
Former KCF Warden Terrence McDonnell's enacted KCF Standard Oper-
ating Procedure ("SOP") Number VII-6 Inmate Mail Privileges which
provides:

> **"3. All incoming letters will be inspected for contraband
> money and/or abuse of mail privileges before the delivery
> to the inmate**
>
> **a.  Any type of internet material is prohibited."**

Def. Ex. 10, in the 21st Century irrespective of the First and
Fourteenth Amendment of the United States Constitution and did

8

nothing to correct the deficit.

Captain Rowell and others denied Inmate Egbuonu access to
incoming mail containing internet generated downloaded legal mat-
erial text prints that were not available at the KCF·institution
law library and as a result Inmate Egbuonu suffered irreparable
harm and injury.  EX. 2, 44-48, 50, 52-58, 61, 67-68, 81, 83-87,
93, 100-104, 106-107

Captain Rowell failed to abide by their ALDOC Administrat-
ive Regulations ("AR"), and Constitutional of the United States
and conduct his duties to protect inmates' constitutional rights
under First and Fourteenth Amendments of the Constitution.

Captain Barrett in his filed affidavit failed to address
whether internet materials is a threat to the safety and security
of the public, staff, inmates and at KCF but not in Staton Corr-
ectional Facility ("SCF") and other institution in Alabama with
the same common interest.    Ex. 44-48, 61, 81, 100-1004, 106-107
and Def. Ex. 1, 2, 3, 4, 5

Inmate Egbuonu states that prison officials and others
bald assertion of security is threatened by introduction of inter-
net generated downloaded material text print is not clearly
apparent when:  1) they failed to states the security threatened
by incoming mails containing internet generated downloaded mater-
ial text prints and its differences from other incoming mails
material text prints format they allowed into the KCF;  2) they
assertion of security is threatened was not based on the December
19, 2005 ALDOC AR 448 Inmate Mail and March 29, 2005 ALDOC AR 018
Institutional Standard Operating Procedures rather it was based on

9

prison official KCF Warden Terrence McDonnell's January 27, 2003
issued Standard Operating Procedure ("SOP") Number: VII-6 Inmate
Mail Privileges;  3) they failed to abide by the ALDOC AR controll-
ing as with respect to Inmate Egbuonu's internet mails;  4) they
failed to admit their wrongdoing as with respect to incoming mail
containing internet material text print allegation.  Ex. 100, 107
Def. Ex. 100, 107  and Def. Ex. 8, 10

Captain Barrett record does not indicate that the incoming
mails containing internet generated downloaded material text print
if allow into KCF would require additional train prison officials
in computer forensic technology text print examiner to censor or
examine the internet material incoming mails.

The security problem that raised or may be raise

by prison officials would not contain any evidence to
support the bald assertion of a security problem in this regard.

Captain Barrett and others limited records before the Hon-
orable Court, have adduced what can only be described as an ext-
remely meritless weak security justification as with respect to
Inmate Egbuonu's constitutional rights guarantee and his claim
for incoming mail containing internet relief.

Captain Barrett and others prohibiting Inmate Egbuonu from
receive any incoming mail containing internet mail is not constit-
utional and also was arbitrary enforcement way to achieve security,
Captain Barrett and others did not support its assertion that
coded messages were not likely to be inserted into internet gen-
erated material text than word-processed documents and evidence
showed that origin of printed electronic mail was usually easier

10

to trace than that of handwritten or typed mail.

Captain Barrett was aware and possessed knowledge that the any type of internet material is prohibited violated Inmate Egbuonu's constitutional rights but Captain Barrett and others totally recklessly disregarded and acted with deliberate indifference to deny Inmate Egbuonu access to incoming mail containing internet material text prints and as a result of Captain Barrett actions and inactions as stated above Inmate Egbuonu suffered irreparable harm and injury.

Captain Barrett statement in his filed affidavit which provides:

> **"Inmate Egbuonu was advised about the policy containing internet material"**

Def. Ex. 4    However, Captain Barrett failed to state what was his advised to Inmate Egbuonu.  Ex. 44-48, 61, 81, 100-104, 106-107   Such statement by Captain Barrett clearly established that Captain Barrett lacks training in how to conduct his duties to protect inmates' constitutional rights  and his lacks of training as stated above was also the moving force behind the violating the Inmate Egbuonu's constitutional rights.

Genuine issue of material fact existed as to whether the KCF Captain Barrett meant that the KCF any type of internet material is prohibited procedure supersedes the United States Constitution and or statement error was committed.

Captain Barrett was aware and possessed knowledge of the KCF institution policy or custom which provides that incoming mail containing internet is prohibited, however Captain Barrett in his filed affidavit failed to address whether the KCP SOP

11

Number VII-6 internet policy is consistent with the ALDOC AR,
State and Federal interest and First and Fourteenth Amendments of
the United States Constitution.   Ex. 100-102, 104, 106-107 and
Def. Ex. 3, 4, 5, 10

Captain Barrett and others failed to address and disclose
to the Honorable Court whether the KCF SOP Number VII-6 dated
01-27-03 was effective under the ALDOC AR 018 dated 03-29-05 and
or Captain Barrett and others failed to abide by the updated
ALDOC AR 018 dated 03-29-05 and Constitution of the United States.
Ex. 100, 107 and Def. Ex. 10

Captain Barrett failed: 1) to abide by the 2005 ALDOC AR
policies and within the parameters specified and set forth by the
laws of the State of Alabama in conjunction with the 2005 ALDOC
AR policies and directives of ALDOC Commissioner, Ex. 100, 101,
107, Def. Ex. 10;  2) ensure that the KCP SOP including Inmate
Mail Privileges are complete current and consistent with the par-
ameters specified  and set forth by the laws of the State of Ala-
bama and Federal Constitutional law in conjunction with the ALDOC
AR;  4) advise others and or update the KCP SOP annually to be
consistent with ALDOC AR 018, 448.    Ex. 100, 107

No records presented by the KCF Captain Barrett and others
in this matter that indicated that the KCP SOP VII-6 has been :
1) current;  2) updated annually;  3) consistent with the ALDOC
AR, as required by the ALDOC AR 018, and as a result of the stated
above failure Inmate Egbuonu's constitutional rights were violated
and Inmate Egbuonu suffered.    Ex. 3, 44-48, 61, 81, 99-107 and
see Def. Ex. 10

Captain Barrett was aware of the 2005 ALDCO AR mandates

but recklessly disregarded and acted with deliberate indifference and failure to abide by the directive of ALDOC AR and Constitution as with respect to Inmate Egbuonu's numerous complaints and reqests for: 1) access to incoming mail containing internet generated downloaded material text prints of legal citation decisions, resources and informations and others which were not available in the KCF la library; 2) access to adequate when the legal citation decisions cited by government were not available in the law library and inmates were not allow to use the law library computer desktop database containing updated legal citation decisions to research and prepare their respective court pleading: 3) access to legal materials including legal citation decisions, statutes, resources, informations, which were not available in the KCF institution law library; 4) access to the Court.

Captain Barrett and others have supported the KCP SOP Number VII-6 dated 2003 and other custom and policy against inmates in the State of Alabama and deprived Inmate Egbuonu of his Constitutional rights and caused Inmate Egbuonu to suffer irreparable harm and injury. Ex. 2, 3, 41-42, 44-48, 50-58, 61-62, 68, 71-73, 81, 83, 87, 93, 100-107 and Def. Ex. 10

Genuine issue of material fact existed as to whether the Captain Barrett acted alone and or together with others and did not train the prison officials and others after the enactment of the KCP SOP Number VII-6 Inmate Mail Privileges to protect inmates constitutional rights?

Genuine issue of material fact existed as to whether the Captain Barrett seek the ALDOC LD advise from the Deputy Warden Rowell and or ALDOC LD prior to enforcing the any internet mater-

13

ial prohibited policy against inmates and or Captain Captain
Barrett and others did rely on old ALDOC AR and KCF SOP manuals
to denied Inmate Egbuonu access to internet material text prints
containing legal citation decisions that were not  available in
the KCF institutional law library?    Ex. 100-104,  106-107 and
Def. Ex. 10

Captain Barrett and others enforced KOP SOP Number VII-6
Inmate Mail Privileges against Inmate Egbuonu was the moving force
behind Inamte Egbuonu's Constitutional rights violation and has
caused Inmate Egbuonu irreparable harm and injury.

Captain Barrett and others accepted the Lexis Nexis contact
ALDOC system to provide legal material DVD formats quarterly basis
to the KCF institution law library two desktop computer database
for the law librarian clerk, Def. Ex. 3, 4, 5   However, Captain
Barrett supported the KCF policy then denied inmates access from
receiving incoming mail containing internet material text prints
format from Lexis Nexis and West Laws legal citation decisions
which were not available in the KCF law library.   Ex. 2, 44-48,
61, 81, 83.

Captain Barrett has made no effort to explain why incoming
mail containing internet generated download material text prints
are more susceptible to being used to deliver contraband than
other items such as printed text materials from computer and
photocopies from a text book.

Inmate Egbuonu states he fail to see as to alternative
means of exercising the stated above right access through inadeq-
uate law library and legal assistance is not an adequate substit-
ute for reading internet generated downloaded material text prints.

Inmate Egbuonu further states there would not seen to be much of a penological interest in prohibiting access to internet downloaded material text, magazine, television, radio and other programs containing similar contents that inmate have access to.

Captain Barrett of ALDOC/KCF  under his administration operation and supervision responsibilities in the past and present have offered no justification on the KCF or ALDOC for enforcement of the regulation restricting access to internet material text prints, access to internet materials of out of States legal citation decisions and its accompanying text prints, access to legal materials which were not available at the KCF law library, in doing so enforced internet prohibit policy and denied Inmate Egbuonu access to legal materials and access to the court despite it was entirely forseeable that denial and arbitrary denial of the out of  the state legal citation decisions cited by the Alabama State System would bar Inmate Egbuonu's ability to prepare his petition and file and commence his pleading before the federal courts.   Ex. 44-48, 61, 81, 83

Captain Barrett in his filed affidavit did not explain why other prison systems can get along without such restrictive rules prohibiting inmates like Inmate Egbuonu from receiving incoming mails containing internet material text prints but the KCF  in Alabama can't.

Inded, the failure of Captain Barrett and others to explain why other institutions with the same compelling interests was able accomodate the same internet material text prints may constitute a failure to establish that Captain Barrett and others were

15

using the least restrictive.

Captain Barrett and others fails to explain why it does
not have a similarly restrictive policy enforce on other computer
material text prints and media since the interest in whatever it
may be are no less compelling for computer material text print
and media.

Captain Barrett under his administrative and security oper-
ations and supervision    forced inmates like Inmate Egbuonu to
choose internet material prohibited policy, and further forced him
to choose between following his First and Fourteenth Amendments
rights and belief or  abandoning them satisfies the irreparable
harm and injury that Inmate Egbuonu suffered, and the balance of
hardship favors the Inmate Egbuonu, and Captain Barrett and others
violated Inmate Egbuonu's First and Fourteenth Amendments const-
itute irreparable harm and injury.

Captain Barrett and others are responsible for the def-
iciency of the internet material mail and law library and legal
material policies, customs and regulations beacuse of his admini-
strative and security operation and supervision and they institu-
ted that system, defined the obligations of the stated above des-
cribed access denial, and as a result, the Captain Barrett and
others are liable for their own actions and inactions which impeded
the Inmate Egbuonu's access to the incoming mail containing inte-
rnet material text prints, legal materials, adequate law library,
access to the Court and Inmate Egbuonu suffered actual irreparable
harm and injury.

Moreso, Captain Barrett and others have a constitutional
obligations to take reasonable measure to provide and or available

16

and guarantee inmates like Inmate Egbuonu has: 1) access to
legal materials (legal citations, statutes, resources, informat-
ions and others); 2) right of access to incoming mail contain-
ing internet generated downloaded material text prints; 3) right
of access to incoming mail containing internet generated down-
loaded material text text prints of legal materials; 4) right
of access to the adequate law library; 5) right of access to
the courts; 6) trained prison officials on how to conduct their
duties and protect inmates' constitutional rights such as as to
develop and enforce a policy of sharing informations regarding
legal materials and deviate from unconstitutional policy that
violates' constitutional rights. Ex. 44-48, 50, 52-55, 58,
61-62, 71-73, 81, 98-107, and Def. Ex. 10

Captain Barrett and others have failed to fulfill and meet
the stated above described constitutional obligations when he
failed to provide and or make available the legal materials Inmate
Egbuonu requested and his failure to fulfill and meet the stated
above constitutional obligations were the moving force in violat-
ion of the Inmate Egbuonu's constitutional rights by the others
at ALDOC and KCF.

Captain Barrett acted negligently, recklessly disregarded
and acted with malice or intent and with deliberate indifference
when he failed to provide or make available the stated above con-
stitutional obligations and did nothing and failed to intervene,
correct and protect Inmate Egbuonu's constitutional rights after
being informed and notified by Inmate Egbuonu. Ex. 44-48, 50,
52-55, 58, 62, 71-73, 98-104, 106-107 and DEf. Ex. 10  Captain
Barrett and others under their administrative and security oper-

ation and supervision violated Inmate Egbuonu's constitutional rights when he failed to fulfill and meet the stated above const- itutional obligations nor provide or make available an alternative solution, and as a result Inmate Egbuonu suffered irreparable harm and injury.   Captain Barrett actions and inactions as with respect to the Inmate Egbuonu's constitutional rights violations were also the moving force behind the violations and caused Inmate Egbuonu irreparable suffer harm and injury.

At no time did Captain Barrett provide or make available the legal materials Inmate Egbuonu requested which were not in the KCF institutional law library nor made available  alternative solution in which Inamte Egbuonu could receive the same.   Ex. 44-48, 50, 52-55, 58, 61, 81, 100-104, 106-107

Inmates at the KCF have no access to updated legal citation decisions in time; as the courts announced the decisions, and have no access to desktop computer database which happens to be updated on a quarterly basis, and have no access to receive the various courts announced decisions through incoming mail containing int- ernet generated downloaded material text prints.   Ex. 2, 44-48, 50, 52-55, 58, 61, 81

Captain Barrett acted with deliberate indifference when he failed to provide Inmate Egbuonu the legal citation decisions he requested and a way of knowing when the State, Federal, United States Supreme Courts announce a new decision effecting his inca- rceration in Alabama State.

Captain Barrett has caused Inmate Egbuonu to suffer irr- eparable harm and injury when his enforced policy and customs and conduct actions and inactions failed to provide Inmate Egbuonu

18

access to the law library desktop computer database for research,
adequate law library, legal materials cited by the government
used to deny Inmate Egbuonu his claim for relief.  Ex. 41-42, 62,
71-73, 50, 52-55

      Captain Barrett and others have failed to place a policy
and information in place to have legal citation decisions cited
by the government against inmates ready and available in the KCF
law library for Inmate Egbuonu to review and commence his pleading
timely to various courts consistent with constitution of the United
States.

      Captain Barrett and others totally and recklessly disregarded
the stated above and acted with deliberate indifference and did
nothing to correct deficit and have:  1) failed to make a good
faith effort to implement or enforce the policy rules and regulat-
ions consistent to constitutional mandates and protect inmates'
like Inmate Egbuonu's constitutional rights:  2) failed to train
and supervise the prison officials on how to conduct their duties,
abide by ALDOC AR and constitution and protect inmates like Inmate
Egbuonu from being denied access to the stated constitutional obl-
igations;  3) failed to provide to Inmate Egbuonu's the legal mat-
erials and assistance he requested.Ex. 44-48, 50 52-55, 62, 71-73

      Captain Barrett and others delays and not to provide Inmate
Egbuonu's request was unreasonable based upon the informations
known to him at the time and as such, Captain Barrett acted with
deliberate indifferences not to protect Inmate Egbuonu's constitu-
tional rights, and lacks training that internet prohibit violates
inmates like Inmate  Egbuonu's  rights as with respect to incoming
mail containing internet material text prints.   Ex. 44-48, 50,

52-55, 61, 81, 100-104, 106-107  and Def. Ex. 3, 4, 5

Captain Barrett recklessly disregarded that the stated above
described constitutional obligations and is to prevent the first
unconstitutional conduct actions and inactions from occurring and:
1) perpetually failed to apply and enforce rules, precautions and
due process consistent with the ALDOC AR and constitution to bar
unconstitutional conducts from occurring;  2) perpetually failed
to protect inmates' constitutional protected rights under the First
and Fourteenth Amendments of the United States Constitution;
3) failed to fulfill and meet the stated above described and cons-
titutional obligations and as a result Inmate Egbuonu has suffered
under Captain Barrett lack of training and supervision and continue
to suffer.

It is unconstitutional for Captain Barrett and others to
deny Inmate Egbuonu's access to the stated above described regard-
less of whether that denial is occurring under the plain language
of the ALDOC, KCF, Contract Counsel's policy and regulation or
by virtue of the manner in which prison officials were screening
the access.    Ex. 2-3, 41-42, 44-48, 50, 53-58, 61-62, 67-68, 71-73,
81, 84, 87, 93, 100-107

Captain Barrett has failed to establish adequate legal
assistance, cordinate with others including prison officials and
contractors which would have:  1) prevented and discourage prison
official and contractor workers from violating inmates like Inmate
Egbuonu's constitutional rights;  2) alerted Alabama Department of
Justice and Judicial Systems to provide the ALDOC and KCF the mat-
erials or funds to purchase legal materials that inmates like

20

requested and needed to commence his exhausted  States' denied
writ.  Ex. 1, 13, 14

Captain Barrett has failed to coordinate Inmate Egbuonu's
request for legal material material with appropriate office and
prison officials and in time that would have assisted and provide
Inmate Egbuonu the legal material, access to the adequate law
library and access to the court, that he requested, and has
failed to provide him with access to the incoming mail containing
internet materials.   Ex. 44-48, 50, 42-55, 61-62, 71-73, 81

Captain Barrett and others facilitate the prison officials
conduct actions and inactions as with respect to Inmate Egbuonu's
constitutional rights violations, approve it, condone it and turn
a blind eye for fear of what he might see in other word act either
knowingly or with deliberate reckless indifference when he failed
to provide and or make available or access pursuant to Inmate
Egbuonu's complaint or intervene in a timely manner and correct
the ongoing unconstitutional conduct existed at the KCF.   Ex.
44-48, 50, 52-55, 61-62, 71-73, 81

Inmate Egbuonu has never violated any of the ALDOC AR and
or KCF policies, customs, rules and regulations and the prison
officials and others have not stated otherwise or prove the same
but he was punished when the the ALDOC and KCF denied him access
to legal materials, adequate law library, Courts and incoming mail
containing  internet generated downloaded material text prints.
Ex. 28

At no time were sanctions, citations, denial, disciplinary
actions issued to Inmate Egbuonu by the prison officials and others

for: 1) filing any false statement or complaint for the stated
above described constitutional obligations;  2) failure to follow
direct prison order;   3) failure to follow law librarian clerk
order;  4) failure to request/file access to legal materials and
law library form N944L i when available and provided to him;  5)
filing any false allegation against prison official, contractor,
law librarian;  6) violating of any ALDOC AR rules or regulations.
Ex. 2, 28, 44-48, 51, 53-58, 61-62, 67-68, 83-87, 93, 100-104,
106-107 and  Def. Ex. 11, 12

Captain Barrett not only denied inmates direct access to use
the two desktop computer Lexis Nexis database terminal but he
failed to train and supervise  his law librarian clerks resulted
some of the law librarian clerks were using the computer to
carry out fraudulent activities which one of them was later susp-
ended from working in the law library.

Inmate Egbuonu's evidences before the Honorable Court is
not only believable prior to discovery, but compelling that Captain
Barrett and others were aware and possessed knowledge of the stated
above described and took every step necessary to prohibit Inmate
Egbuonu from informing or notifying the  federal court timely
about the State of Alabama newly enacted code § 13A-8-196 which is
in contrary to Federal Laws and Constitution of the United States,
International Treaties and Universal Declaration of Human Rights
in the 21st Century, and as a result of his actions and inactions
of denying Inmate Egbuonu all the stated above access, Inmate
Egbuonu ha suffered irreparable harm and injury and damages and
loss and continuous incarceration and detention.   Ex. 3, 12, 14-18

22

Captain Barrett worked alone and together with others to denied and deprived Inmate Egbuonu the legal citation decisions he requested that he needed to conduct, research, prepare, file his exhausted state's writ before the Federal Court and have denied Inmate Egbuonu access to receive incoming mail containing internet generated downloaded material text print prints in part including the legal material decisons that Inmate Egbuonu requested which were not available in the Kilby Correctional Facility law library. Ex. 44-48, 50, 52-55, 58, 61-62, 71-73, 81

Inmate Egbuonu re-alleges and incorporates by references: Captain Barrett failure to fulfill and meet the stated above described constitutional obligations and others, and lacks training under the administrative and security operation and supervision of the KCF law library; Inmate Egbuonu's attached evidences exhibits; filed civil complaints; and Inmate Egbuonu's response to Captain Barrett and others' Special Report and Answer and Affidavits and states that Captain Bobby Barrett has violated Violated Inmate Egbuonu's First and Fourteenth Amendments constit- utional rights, Federal and State laws and regulations respectively as with respect to Inmate Egbuonu's claim for relief and has engaged in intentional or reckless conduct, the conduct extreme and outrageous, the conduct caused the Inmate Egbuonu sleeplessness, emotional distress, damages, economic and non-economic loss and was severe.

Captain Barrett and others failed to provide indigent
inmates with basic supplies of legal materials including legal
citation decisions, resources, informations used by the Alabama
Judicial System against them in denying them their constitutional
guarantee rights.    Captain Barrett and others failed to ensure
that inmates at Kilby Correctional Facility their access is meaning-
ful and adequate law library was provided.

Captain Barrett has worked alone and together with others
to form a custom and policy which violates Inmate Egbuonu's First
and Fourteenth Amendments' constitutional rights, Federal and State
laws and regulations respectively in all manner.    United States
Constitution Amendment 1, 14.

*Egbuonu Zephyr*

Zephyrinus Egbuonu
(Acting Pro-Se)


STATE OF LOUISIANA

OAKDALE, LOUISIANA

Sworn to and subscribed before and under my hand official
seal this the _____19TH_____ day of March, 2008

*Fany 053496*

Notary Public

My Commission expires: *at Death*


24

## CERTIFICATE OF SERVICE

I hereby certify that I have this 19th day of March, 2008 served a copy of the forgoing attached, by first-class United States Mail, postage prepaid and addressed upon the following:

Tara S. Knee

Assistant Attorney General
Assistant General Counsel
Alabama Department of Corrections
Legal Division
Post Office Box 301501
Montgomery, Alabama 36130-1501

*Egbuomi Zephyr*

Zephyrinus Egbuonu
(Acting Pro-Se)
27041-265 FDC
Federal Detention Center
Post Office Box 5010
Oakdale,
Louisiana 71463