IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ZEPHYRINUS EGBUONU,
#27041-265
    Plaintiff,

    v.                   *        2:07-CV-998-WKW

CAPTAIN BARRETT, *et al.*,    *

    Defendants.        *

## AFFIDAVIT RESPONSE TO WILLIE ROWELL'S AFFIDAVIT

Before me, the undersigned authority, Notary Public in and parish and State of Louisiana at large, personally Zephyrinus Egbuonu, who being known to me and being by me first duly sworn deposes any says on oath as follows:

My name is Zephyrinus Egbuonu, I am presently at immigration civil detainee at the Federal Detention Center in Oakdale, Louisiana and a former inmate of Kilby Correctional Facility, Mount Meigs, Alabama from September 2005 to August 1, 2006. Ex. 28 I am over nineteen (19) years of age. Kilby Correctinal Facility ("KCF") is an Alabama Department of Corrections ("ALDOC") system.

**Deputy Warden Willie Rowell** was the Deputy Warden at the Kilby Correctional Facility at the time the event took place. Deputy Warden Rowell act as the KCF Warden in the absences and transfer of KCF Warden Terrence McDonnell to the Central Office in Montgomery, Alabama.

Deputy Warden Rowell was responsible for the administrative


**EXHIBIT 7**

Rowell

operation of the KCF prison.    Deputy Warden Rowell  w a s
t h e   s u p e r v i s o r   of Captain Bobby Barrett whose res-
ponsible includes KCF Law Library and Mailroom.

Deputy Warden Rowell was a Deputy Warden/Warden of ALDOC
and has failed to establish how over 900 inmates at KCF can adeq-
uately access to the law library two desktop computer with Lexis
Nexis database for their respective research and shepardize legal
citation decisions and meet court due dates to commence their
pleading in various court.

Deputy Warden Rowell failed to provide inmates adequate
law library and access to the court when:  1) he failed to prov-
ide inmates with adequate number of desktop computer database in
the absence of current books for inmates' research and preparation
of their legal documents to serve, file to the courts to commence
personal liberty interest.  Ex. 52, and Def. Ex. 3, 4, 45 Inmate
Egbuonu suffered under the stated above failure to provide.

Deputy Warden is afraid of technology and have no interest
to rehabilitate inmates in the State of Alabama in the 21st Cent-
ury technology, when he and others perpetually deny inmates
access to use the inmates' two desktop computer Lexis Nexis data-
base containing updated legal citation decisions and forced
inmates like Inmate Egbuonu to depend on KCF law librarian clerks
to provide him with their research and Inmate Egbuonu has no way
of knowing and verifying whether the inmate law librarian actual-
ly do conduct crisp and precise research that he requested and a
result Inmate Egbuonu suffered and continue to suffer.

Deputy Warden Rowell was aware and possessed knowledge

2

that institution law librarian clerks has no time for assisting
indigent inmates who have no money or items to pay inmate law
librarian clerk for the computer database research but totally
recklessly disregarded and acted with deliberate indifference to
deny inmates like Inmate Egbuonu access to use the inmates' law
library desktop computer to conduct his research in the 21st Cen-
tury technology but access were given to other inmates law libra-
rian clerks.

Inmate Egbuonu has never waived his personal interest to
conduct his legal research on the law library desktop computer
database, Deputy Warden Rowell and others forced Inmate Egbuonu
to surrend his research to the law libr-
arian clerk which lacks knowledge about Inmate Egbuonu's criminal
case.   Inmate Egbuonu has suffered under Deputy Warden Rowell
actions and inactions in support of the policy and custom. Ex. 52

Inmate Egbuonu states irrespective of whether all materials
in the KCF institutional law library are selected, approved, and
provided through ALDOC or ALDOC Legal Division and specifically
overseen by ALDOC Legal Division ("ALDOC LD"), Inmate Egbuonu was
denied access to adequate law library, legal materials, Court,
and incoming mail containing internet generated downloaded text
materials. Ex. 44-48, 50, 52-55, 61, 81, 87, 97, 100-104, 106-107

Inmate Egbuonu states that KCF law library contains digital
legal materials in the Lexis Nexis database system and hard copy
legal printed text format does not constitute that the KCF has
adequate law library when inmates were denied adequate access
to use the law library digital legal materials and hard copy

3

legal printed text format.   Ex. 52, 62, 71-73

No records before the Honorable Court depicted the esta-blished authenicated law library opening hours by Deputy Warden Rowell to ensure that inmates and inmates workers receive adequate law library hours for their legal research.  Ex. 41, 42, 62, 71-73.

Inmate Egbuonu has filed complaints requesting for:  1) established law library schedule opening hours;  2) adequate acc-ess to ingress and egress to laws library, however Warden Rowell did not respond to Inmate Egbuonu's complaints.  Moreso, the Kilby Correctional Facility's prison officials uses the institution law library for showcase and meeting and visiting, and as such is not for inmates to spend adequate time inside the law library to research and commence their pleading to various courts, and Rowell was aware and possessed knowledge but recklessly disregarded and acted with deliberate indifference  and did nothing to correct the deficit and as a result Inmate Egbuonu suffered.  Ex. 41, 42, 62, 71-73.

The existing law library rule at the time of event required every inmates to sign-in to ingress the law library once a day, the rule did not required inmates to sign-out to egress the law library, for instance, if an inmates ingress to law library for two (2) minutes spend would be count as one (1) day.  Therefore, Deputy Warden/Warden Rowell's statement in his filed affidavit which provides that:

> "It is my understanding that this complaint was abandoned after it was shown that Inmate Egbuonu had visited the

4

**Kilby Law Library** on 172 days from October, 2005, to
July 31, 2006."

Def. Ex. 3, in part is incorrect and inaccurate on the basis that

Inmate Egbuonu did not abandon his **Civil Action: 2:07 CV 685-ID**

complained that he was denied access to the law library.  See

Inmate Egbuonu's Civil Action: 2:07 CV 685-ID affidavits' Ex. 3,6,31

In addition, Deputy Warden Rowell failed to address the issue that

Inmate Egbuonu complained of, and has failed to establish what the

KCF institution law library memo meant by 172 days on the basis

whether the actually time Inmate Egbuonu spend in the law library

was 172 minutes or 172 hours from October 2005 to July 31, 2006?

Deputy Warden Rowell has failed to establish how long was Inmate

Egbuonu spend at the law library on the 172 days that he presented?

Def. Ex. 13

        Inmate workers and others at the KCF are being denied ade-

quate access to the library on the basis for instance, 2nd shift

kitchen work hour if from 10 AM to 6 PM, however the prison offic-

ials Kitchen Steward required 2nd shift kitchen inmate workers to

report to the kitchen an hour (1) or an hour and half (1.5) early

to get ready to serve the inmate general population.  Ex. 41-43

The inmate law library open Monday to Friday from 8 AM to 4 PM and

on Saturday 3 PM to 6 PM.  Def. Ex. 2, 3, 4.

        Deputy Warden Rowell was aware that prison officials at

"Gate 3" denied inmates access to ingress and egress to the law

library during the morning hours prior to  lunch but Deputy Warden

Rowell did nothing to correct the deficit.  Ex. 62, 71-73

        The 2nd shift kitchen inmate workers:  1) have no ample

access to the law library; and 2) are being denied their constit-
utionally protected rights of access to the court.

Deputy Warden Rowell was the Deputy Warden/Warden at the
KCF and was aware, possessed knowledge that 2nd shift kitchen
inmates workers are being denied access to law library pursuant to
the ALDOC Administrative Regulation and Constitution of the United
States, but totally and recklessly disregarded and acted delibe-
rate indifference when he failed to take actions to correct the
inadequate law library access deficit of inmate workers right of
access to the courts.    Ex. 62, 71-73, 101, 102, 106  Deputy Ward-
en Rowell's actions and inactions were the proximate caused of
Inmate Egbuonu's irreparable harm and injury and loss and Inmate
Egbuonu's constitutional rights violations.

Inmate Egbuonu states that he was not aware of that the KCF
have a licensed paralegal law librarian clerk in the institution
law library.    The KCF law librarian clerk at the time of the
events were unable to research and shepardize his request using
the law library two desktop Lexis Nexis computer database and pro-
vide and make available the identifying informations and accompany-
ing legal citation decisions and others Inmate Egbuonu requested.

Deputy Warden Rowell enforced policy or custom has failed
to provide    Inmate    Egbuonu    access and or the legal materials
he needed when Inmate Egbuonu was forced to depend on the inmates'
law librarian clerks to conduct search of his numerous request
legal decisions from the computer database for him and as a result
Inmate Egbuonu was denied numerous current legal citation decis-
ions that he needed to review that were in the law library desktop

6

computer database.  EX. 52,  Def. Ex. 3, 4, 5

Deputy Warden Rowell and others has no policy in place to provide Inmate Egbuonu legal citation decisions outside Eleventh and Fifth Circuits Inmate Egbuonu needed to review, shepardize, commence his pleading timely to federal court and in doing so, violated Inmate Egbuonu's constitutional rights under the first and fourteenth Amendments. Ex. 53-58, 68, 87, 97  Def. Ex. 5

Inmate Egbuonu states that Deputy Warden have not present-ed the Honorable Court with an adequately developed records that he received from Inmate Egbuonu as with respect to Inmate Egbuonu claim for relief for the Honorable Court meaningfully evaluate the asserted governmental interest, whether a valid and rational con-nection exists between the regulation and that interest, whether alternative to Inmate Egbuonu, the effect accomodating the right would have on prison official and inmates, or the absence of ready alternatives, despite that Inmate Egbuonu did notified and inform-ed Deputy Warden Rowell and others about the unconstitutional access denial and situation that existed at the KCF.  Ex. 51, 54, 56, 62, 71-73  Consequently, Deputy Warden Rowell told the Honor-able Court in his filed affidavit that:

> "I do not personally recall any complaint or inmate request
> from Inmate Egbuonu regarding the issues complained of in
> this action....."

Def. Ex. 3, despite Deputy Warden Rowell was properly notified and informed by Inmate Egbuonu but Deputy Warden Rowell did not-hing and failed to correct the deficit and protect Inmate Egbuonu's constitutional rights.   EX. 51, 54, 56, 58, 62, 66, 71 - 74, 96

Captain Bohr correct name is Captain Bolling.  Captain Bolling is employed at the KCF at the time the events took place.

Genuine issue of material fact existed as to whether the Rowell did and or did not obtain advise from ALDOC Legal Division ("LD") as with respect to Inmate Egbuonu's request for legal assistance made to the KCF which were the moving force behind the prison officials violating Inmate Egbuonu's First and Fourteenth Amendments of the United States Constitutional rights.  Ex. 3, 44-48, 51, 54, 61, 62, 71-73, 81, 100-106

Deputy Warden Rowell and others failed to provide inmates with access to:  1) legal material cited by the government just like in Inmate Egbuonu's case before the Honorable Court;  2) law library desktop computer non-internet Lexis Nexis database; 3) adequate law library with adequate desktop computer database terminal;  4) current legal citation descisions as the courts announced the decisions;  5) a trained paralegal law librarian clerk to assist inmate not the prison officials;  5) out of state legal citations outside Fifth and Eleventh Federal Circuit; 7) internet incoming mail material text prints;  8) Courts, and his failure to provide or make available Inmate Egbuonu's request was the moving force behind the Inmate Egbuonu's constitutional rights violations.  Ex. 2-3, 41-42, 44-48, 51, 54, 56, 61-62, 67, 68, 71-73, 81, 83-87, 93, 100-107, and Def. Ex. 10

Deputy Warden Rowell at the time of the event was aware of Former KCF Warden Terrence McDonnell's enacted KCF Standard Operating Procedure ("SOP") Number VII-6 Inmate Mail Privileges which provides:

**"3. All incoming letters will be inspected for contraband money and/or abuse of mail privileges before the delivery to the inmate**

**a. Any type of internet material is prohibited"**

Def. Ex. 10, in the 21st Century irrespective of the First and Fourteenth Amendment of the United States Constitution and did nothing to correct the deficit.

Deputy Warden Rowell and others denied Inmate Egbuonu access to incoming mail containing internet generated downloaded legal material text prints that were not available at the KCF institution law library and as a result Inmate Egbuonu suffered irreparable harm and injury. Ex. 2, 44-48, 53-58, 61, 67-68, 81, 83-87, 93, 100-107.

Deputy Warden Rowell failed to advise, train and supervise the KCF prison officials to abide by their ALDOC Administrative Regualtions ("AR"), and Constitutional of the United States and conduct their duties to protect inmates' constitutional rights under First and Fourteenth Amendments of the Constitution.

Deputy Warden Rowell in his filed affidavit failed to address whether internet materials is a threat to the safety and security of the public, staff, inmates and at KCF but not in Staton Correctional Facility ("SCF") and other institution in Alabama with the same common interest. Ex. 44-48, 61, 81, 100 - 107 and Def. Ex. 1, 2, 3, 4, 5

Inmate Egbuonu states that prison officials and others bald assertion of security is threatened by introduction of internet generated downloaded material text print is not clearly apparent when: 1) they failed to states the security threatened

9

by incoming mails containing internet generated downloaded mater-
ial text prints and its differences from other incoming mails
material text prints format they allowed into the KCF;  2) they
assertion of security is threatened was not based on the Decem-
ber 19, 2005 ALDOC AR 448 "Inmate Mail" and March 29, 2005 ALDOC
AR 018 "Institutional Standard Operating Procedures" rather it
was based on prison official KCF Warden Terrence McDonnell's
03-27-2003    issued "Standard Operating Procedure" Number: VII-6
"Inmate Mail Privileges";  3) they failed to abide by the ALDOC
AR controlling policy as with respect to Inmate Egbuonu's inter-
net mails; 4) they failed to admit their wrongdoing as with res-
pect to incoming mail containing internet material text print
allegation.    Ex. 100, 107  and Def. Ex. 8, 10

        Deputy Warden Rowell record does not indicate that the
incoming mails containing internet generated downloaded material
text print if allow into KCF would require additional train
prison official in computer forensic  technology text print exami-
er  to censor or examine the internet material incoming mails.

        The security problem that raised or may be raise by the
prison officials would not contain any evidence to support the
bald assertion of a security problem in this regard.

        Deputy Warden Rowell and others limited records before the
Honorable Court, have adduced what can only be described as an
extremely meritless weak security justification as with respect  to
Inmate Egbuonu's constitutional rights guarantee  and his claim
for incoming mail containing internet relief.

Deputy Warden Rowell and others prohibiting Inmate Egbuonu
from receive any incoming mail containing internet mail is not
constitutional and also was arbitrary enforcement way to achieve
security, Deputy Warden Rowell and others did not support its
assertion that coded messages were more likely to be inserted into
internet generated material text than word-processed documents
and evidence showed that origin of printed electronic mail was
usually easier to trace than that of handwritten or typed mail.

Deputy Warden was aware and possessed knowledge that the
any type of internet material is prohibited violated Inmate
Egbuonu's constitutional rights but Deputy Warden Rowell and oth-
ers totally recklessly disregarded and acted with deliberate
indifference to deny Inmate Egbuonu access to incoming mail cont-
aining internet material text prints and as a result of Deputy
Warden Rowell actions and inactions as stated above Inmate Egbuonu
suffered irreparable harm and injury.

Deputy Warden Rowell statement in his filed affidavit
which provides:

> **"Thus, to have allowed inmate Egbuonu to receive internet
> material would have violated this procedure."**

Def. Ex. 3    Such  statement by Deputy Warden/Warden Rowell may
has established that Deputy Warden Rowell lacks training in how
to conduct his duties to protect inmates' constitutional rights
and lacks training in supervising his subordinate on how to cond-
uct their duties to protect inmates' constitutional rights.
Deputy Warden Rowell lacks of training and supervision as stated
above, was the moving force behind the violating the Inmate Egbu-

11

onu's Constitutional rights.

Genuine issue of material fact existed as to whether the
KCF Deputy Warden/Warden Rowell meant that the KCF any type of
internet material is prohibited procedure supersedes the United
States Constitution  and  or statement error was committed.

Deputy Warden Rowell was aware and possessed knowledge
of the KCF institution policy or custom which provides that incom-
ing mail containing internet is prohibited, however Deputy Warden
in his filed affidavit failed to address whether the KCP SOP Num-
ber VII-6 internet policy is consistent with the ALDOC AR, State, and
Federal interest and First and Fourteenth Amendments of the
United States Constitution.   Ex. 100-102, 104, 106-107 and Def.
Ex. 3, 4, 5, 10

Deputy Warden Rowell and other failed to address and disc-
lose to the Honorable Court whether the KCF SOP Number VII-6 dated
01-27-03 was effective under the ALDOC AR 1018 dated 03-19-85 and
ineffective under the ALDOC AR 018 dated 03-29-05 and or Deputy
Warden Rowell and others failed to abide by the updated ALDOC AR
018 dated 03-29-05 and constitution of the United States.   Ex.
100, 107 and Def. Ex. 10

Deputy Warden Rowell failed:  1) to abide by the 2005 ALDOC
AR policies and advise, train and supervise the prison officials
within the parameters specified and set forth by the laws of the
State of Alabama in conjunction with the 2005 ALDOC AR policies
and directives of ALDOC Commissioner,  EX. 100, 101, 107  Def.
Ex. 10;   2) to advise, train and supervise and ensure that the
KCP SOP including Inmate Mail Privileges are complete current and

12

consistent with the parameters specified and set forth by the
laws of the State of Alabama and Federal Constitutional law in
conjunction with the ALDOC AR;  4) to advise others and or update
the KCF SOP annually to be consistent with ALDOC AR 018, 448.
Ex. 100, 107

    No records presented by the KCF Deputy Warden Rowell and
others in this matter that indicated that the KCF SOP VII-6 has
been:  1) current;  2) updated annually;  3) consistent with ALDOC
AR, as required by ALDOC AR 108, and as a result of the stated
above failure  Inmate Egbuonu's constitutional rights were viol-
ated and Inmate Egbuonu suffered.   Ex. 3, 44-48, 61, 81, 99-107
and see Def. Ex. 10

    Deputy Warden Rowell was aware of the 2005 ALDOC AR mand-
ates but recklessly disregarded and acted with deliberate indiff-
erence and failure to advise, train and supervise others to abide
by the directive of ALDOC AR as with respect to Inmate Egbuonu's
numerous complaints and requests for:  1) access to incoming mail
containing internet generated downloaded material text prints of
legal citation decisions, resources and informations and others
which were not available in the KCF law library;  2) access to
adequate law library when legal citation decisions cited by gov-
ernment were not available in the law library and inmates were
not allow to use the law library computer desktop database cont-
aining updated legal citation decisions to research and prepare
their respective court pleading;  3) access to legal materials
including legal citation decisions, statutes, resources, inform-
ations, which were not available in the KCF institution law lib-

13

rary;  4) access to the Courts.

Deputy Warden Rowell and others have supported the KCF SOP Number VII-6 dated 2003 and other custom  or policy against inmates in the State of Alabama and deprived Inmate Egbuonu of his constitutional rights and caused Inmate Egbuonu to suffer irreparable harm and injury.    Ex. 2, 3, 41-42, 44-48, 51-58, 61-62, 68, 71-73, 81, 83, 87, 93, 100-107 and Def. Ex. 10

Genuine issue of material fact existed as to whether the Deputy Warden Rowell acted alone and or together with others and did not train the prison officials and others after    the enactment of the KCP SOP Number VII-6 Inmate Mail Privileges to protect inmates constitutional rights.

Genuine issue of  material fact existed as to whether the Deputy Warden Rowell seek the ALDOC LD advise prior to enforcing any internet material prohibited policy against inmates and or Deputy Warden Rowell and others did rely on old ALDOC AR and KCF SOP manual(s) to denied Inmate Egbuonu access to internet material text prints containing legal citation decisions that were not available in the KCF institutional law library?  Ex. 100-104, 106 - 107 and Def. Ex. 10

Deputy Warden Rowell and others  enforced KOP SOP Number VII-6 Inmate Mail Privileges against Inmate Egbuonu was the moving force behind Inmate Egbuonu's constitutional rights violation and has caused Inmate Egbuonu irreparable harm and injury.

Deputy Warden Rowell and others accepted the Lexis Nexis contact ALDOC system to provide legal material DVD format on a quarterly basis to the KCF institution law library two desktop

14

computer database for the law librarian clerk, Def. Ex. 3, 4, 5
However, Deputy Warden Rowell supported the KCF policy denied
inmates access from receiving incoming mail containing internet
material text prints format from Lexis Nexis and West Laws legal
citation decisions which were not available in the KCF law library.
Ex. 2, 44-48, 61, 81, 83

Deputy Warden Rowell has made no effort to explain why
incoming mail containing internet generated download material text
prints are  m o r e  susceptible to being used to deliver contra-
band than other items such as printed text materials from computer
and photocopies from a text book.

Inmate Egbuonu states he fail to see as to alternative
means of exercising the stated above right access through inadeq-
uate law library and legal assistance is not an adequate substit-
ute for reading internet generated downloaded material text prints.

Inmate Egbuonu further states there would not seen to be
much of a penological interest in prohibiting access to internet
downloaded material text, magazine, television, radio and other
programs containing similar contents that inmate have access to.

The Deputy Warden Rowell of ALDOC under his administration
operation and supervision responsibilities in the past and present
have offered no justification on the KCF or ALDOC for enforcement
of the regulation restricting access to internet material text
prints, access to internet materials of out of States legal cita-
tion decisions and its accompanying text prints, access to legal
materials which were not available at the KCF law library, in
doing so enforced internet prohibit policy denied  Inmate  Egbuo-

15

nu access to legal materials and access to the court despite it
was entirely forseeable that denial and arbitrary denial of the
out of state legal citation decisions cited by the Alabama State
System would bar Inmate Egbuonu's ability to prepare his petition and
f i l e and commence his pleading before the federal courts.    Ex.
44-48, 61, 81, 83

Deputy Warden Rowell in his filed affidavit did not explain
why other prison systems can get along without such restrictive
rules prohibiting inmates like Inmate Egbuonu from receiving in-
coming mails containing internet material text prints but the KCF
in Alabama can't.

Indeed, the failure of Deputy Warden Rowell and others to
explain why other institutions with the same compelling interests
was able accomodate the same internet material text prints may
constitute a failure to establish that Deputy Warden Rowell and
others were using the least restrictive.

Deputy Warden Rowell and Others fails to explain why it
does not have a similarly restrictive policy enforce on other
computer material text prints and media since the interest in
whatever it may be are no less compelling for computer material
text print and media.

Deputy Warden Rowell under his administrative and super-
vision forced inmates like Inmate Egbuonu to choose internet material
prohibited policy and further forced Inmate Egbuonu to choose between
following his First and Fourteenth rights and belief or abandoning
them satisfies the irreparable harm and injury that Inmate Egbuonu
suffered, and the balance of hardship favors the Inmate Egbuonu
and Deputy Warden Rowell and others violated Inmate Egbuonu's

First and Fourteenth Amendments constitute irreparable harm and injury.

Deputy Warden Rowell and others are responsible for the deficiency of the internet material mail and law library and legal material policies, customs and regulations because of his administrative operation and supervision and they instituted that system, defined the obligations of the stated above described access denial, and as a result, the Deputy Warden Rowell and others are liable for their own actions which impeded the Inmate Egbuonu's access to the incoming mail containing internet material text prints, legal materials, adequate law library, access to the court and Inmate Egbuonu suffered actual irreparable harm and injury.

Moreso, Deputy Warden Rowell and others have a constitutional obligations to take reasonable measure to provide and or available and guarantee inmates like Inmate Egbuonu has : 1) access to legal materials (legal citations, satutes, resources, informations and others); 2) right of access to incoming mail containing internet generated downloaded material text prints; 3) right of access to incoming mail containing internet generated downloaded material text prints of legal materials; 4) right of access to the adequate law library; 5) right of access to the courts; 6) train prison officials on how to conduct their duties and protect inmates' constitutional rights such as to develop and or enforce a policy of sharing informations regarding legal materials and deviate from unconstitutional policy that violate inmates' constitutional rights. Ex. 44-48, 51, 54, 56, 62, 71-73,

17

98-107, and Def. Ex. 10

Deputy Warden Rowell and others failed to fulfill and meet the stated above described constitutional obligations when he failed to provide and or make available the legal materials Inmate Egbuonu requested and his failure to fulfill and meet the stated above constitutional obligations were the moving force in violation of the Inmate Egbuonu's constitutional rights by the others at ALDOC and KCF.

Deputy Warden Rowell acted negligently, recklessly disregarded and acted with malice or intent and with deliberate indifference when he failed to provide or make available the stated above constitutional obligations and did nothing and failed to intervene, correct and protect Inmate Egbuonu's constitutional rights after being informed and notified by Inmate Egbuonu. Ex. 44-48, 51, 54, 56, 62, 71-73, 98-107 and Def. Ex. 10 Deputy Warden under his administrative operation and supervision violated Inmate Egbuonu's constitutional rights when he failed to fulfill and meet the stated above constitutional obligations nor provide or make available an alternative solution, and as a result Inmate Egbuonu suffered irreparable harm and injury. Deputy Warden Rowell actions and inactions as with respect to the Inmate Egbuonu's constitutional rights violations were also the moving force behind the violations and caused Inmate Egbuonu irreparable suffer harm and injury.

At no time did Deputy Warden Rowell provide or make available the legal materials Inmate Egbuonu requested which were not in the KCF institutional law library nor made available alternative

18

solution in which Inmate Egbuonu could receive the same.    Ex.
40-48, 51, 54, 56

    Inmates at the KCF have no access to updated legal citation
decisions in time; as the courts announced the decisions, and have
no access to desktop computer database which happens to be updated
on a quarterly basis, and have no access to receive the various
courts announced decisions through incoming mail containing int-
ernet generated downloaded material text prints.  Ex. 2, 44-48,
50-58

    Deputy Warden Rowell acted with deliberate indifference
when he failed to provide Inmate Egbuonu the legal citation
decisions he requested and a way of knowing when the State, Fed-
eral, United States Supreme Courts announce a new decision effect-
ing his incarceration in Alabama State.

    Deputy Warden has caused Inmate Egbuonu to suffer irrepar-
able harm and injury when his enforced policy and customs and
conduct actions and inactions failed to provide Inmate Egbuonu
access to the law library desktop computer database for research,
adequate law library, legal materials cited by the government used
to deny Inmate Egbuonu his claim for relief.  Ex. 41-42, 62, 71-73,
51, 54, 56

    Deputy Warden Rowell and others have failed to place a
policy and information in place to have legal citation decisions
cited by the government against inmates ready and available in
the KCF law library for Inmate Egbuonu to review and commence his
pleading timely to various courts.

    Deputy Warden Rowell and others totally and recklessly

19

disregarded the stated above and acted with deliberate indifference and did nothing to correct deficit and have:    1) failed to make a good faith effort to implement or enforce the policy rules and regulations consistent to constitutional mandates and protect inmates' like Inmate Egbuonu's constitutional rights;   2) failed to train and supervise the prison officials on how to conduct their duties, abide by ALDOC AR and constitution and protect inmates  like Inmate Egbuonu from being denied access to the stated constitutional obligations;   3) failed to respond to Inmate Egbuonu's complaints requesting for legal assistance.   Ex. 44-48, 51, 54, 56, 62, 71-73

Deputy Warden Rowell and others delays and not to provide Inmate Egbuonu's request was unreasonable based upon the informations known to him at the time and as such, Deputy Warden Rowell acted with deliberate indifferences not to protect Inmate Egbuonu's Constitutional rights, and failed to advise, train and supervise subordinates and others that internet prohibit violates inmates like Inmate Egbuonu's constitutional rights as with respect to incoming mail containing internet material text prints.   Ex. 44-48, 51, 54, 56, 56, 61, 81, 100-106 and Def. Ex. 3, 4, 5

Deputy Warden Rowell recklessly disregarded that the stated above described constitutional obligations and is to prevent the first unconstitutional conduct actions and inactions from occurring and:   1) perpetually failed to train and supervise subordinates and others to apply and enforce rules, precautions and due process to bar unconstitutional conducts from occurring;   2) perpetually failed to train and supervise subordinates and others to

protect inmates' constitutional rights under the First and Four-
teenth Amendments of the United States Constitution;  3) failed to
train and supervise subordinates and others as with respect to the
stated above described constitutional obligations and as a result
Inmate Egbuonu has suffered under Deputy Warden Rowell failure to
train and supervise and continued to suffer.

        It is unconstitutional for Deputy Warden and others to
deny Inmate Egbuonu's access to the stated above described regard-
less of whether that denial is occurring under the plain language
of the ALDOC, KCF, Contract Counsel's policy and regulation or by
virtue of the manner in which prison officials were screening the
access.  Ex. 2-3, 41-42, 44-48, 53-58, 61-62, 67-68, 71-73, 81,
84, 87, 93, 97, 100-107

        Deputy Warden/Warden has failed to establish adequate legal
assistance, coordinate with others including prison officials and
Contractors  which would have:  1) prevented and discourage prison
officials and contractor workers from violating inmates like Inmate
Egbuonu's constitutional rights; 2) alerted Alabama Department of
Justice and Judicial Systems to provide the ALDOC and KCF the
materials or funds to purchase legal materials that inmates like
Inmate Egbuonu requested and needed to commence his exhausted
States' denied writ.  Ex. 1, 13, 14

        Deputy Warden Rowell has failed to coordinate Inmate Egbu-
onu's request for legal materials with the appropriate office and
prison officials and in time  that would have assisted and provide
Inmate Egbuonu the legal material, access to the adequate
law library and access to the court, that he requested. and has

failed to respond to Inmate Egbuonu's request.  Ex. 51, 54, 56, 62, 71-73

Deputy Warden Rowell and others facilitate the prison officials conduct actions and inactions as with respect to Inmate Egbuonu's constitutional rights violations, approve it, condone it and turn a blind eye for fear of what he might see in other word act either knowingly or with deliberate reckless indifference when he failed to response to Inmate Egbuonu's complaint or intervene in a timely manner and correct the ongoing unconstitutional conduct by    his prison officials and subordinates.  Ex. 44-48, 51, 54, 56, 62, 71-73

Inmate Egbuonu has never violated any of the ALDOC AR policy, custom, rules and regulations and prison officials and others have not stated otherwise or prove the same.   Ex. 28

At no time were sanctions, citations, denial, disciplinary actions issued to Inmate Egbuonu by the prison officials and others for:  1) filing any false statement or complaint for the stated above described constitutional obligations;  2) failure to follow direct prison order;  3) failure to follow law librarian clerk order;  4) failure to request/file access to legal materials and law library form N944L i when available and provided to him; 5) filing any false allegation against prison official, contractor law librarian;  6) violating of any ALDOC AR rules or regulations. Ex. 2, 28, 44-48, 51, 53-58, 61-62, 67-68, 83-87, 93, 100-107, and Def. Ex. 11, 12

Inmate Egbuonu's evidences before the Honorable Court is not only believable prior to discovery, but compelling that Deputy

22

Warden Rowell and others were aware and possessed knowledge of
the stated above described and took every step necessary to prohi-
bit Inmate Egbuonu from  informing or notifying the fedearl court
timely about the State of Alabama newly enacted code § 13A-8-196
which is in contrary to Federal Laws and Constitution of the
United States, International Treaties and Universal Declaration of Human
Right,  in the 21st Century, and as a result of his actions and
inactions of denying Inmate Egbuonu all the  stated above access,
Inmate Egbuonu has suffered irreparable harm and injury and damages and
loss  and  continuous  incarceration and detention. Ex. 3, 12, 14-18

        Deputy Warden Rowell worked alone and together with others
to denied deprived Inmate Egbuonu the legal citation decisions he
requested that he needed to conduct research, prepare, file his
exhausted state's writ before the federal court and have denied
him access to receive incoming mail containing internet generated
downloaded material text prints in part including the legal mat-
erial decisions that Inmate Egbuonu requested which were not avai-
lable in the institution law library.  Ex. 44-48, 51-58, 62, 71-73

        Inmate Egbuonu re-alleges and incorporates by references:
Deputy Warden Rowell failure to fulfill and meet the stated above
described constitutional obligations and others, and failed to
proper advise, train and supervise his subordinates and others
under administrative operation and supervision; Inmate Egbuonu's
attached evidences exhibits; filed civil complaints; and Inmate
Egbuonu's response to Deputy Warden Rowell's Special Report and
Answer and Affidavits and states that Deputy Warden Rowell has
violated Inmate Egbuonu's First  and Fourteenth Amendments Constit-

utional rights, Federal and State laws and regulations respective-
ly as with respect to Inmate Egbuonu's claim for relief and has
engaged in intentional or reckless conduct, the conduct extreme
and outrageous, the conduct caused the Inmate Egbuonu sleepless-
ness, emotional distress, damages, economic and non-economic loss
and was severe. Deputy Warden Rowell has worked alone and together
with others to form a custom policy which violates Inmate Egbuonu's
First and Fourteenth Amendments' constitutional rights, Federal
and State laws and regulations respectively in all manner. United
States Constitution Amendment 1 , 14.


_Egbuonu Zephyr_

Zephyrinus Egbuonu
(Acting Pro-Se)

**STATE OF LOUISIANA**

**OAKDALE, LOUISIANA**

Sworn to and subscribed before and under my hand official
seal this the ___19TH___ day of March, 2008.

053494
Notary Public

My Commission expires: _at death_

24

## CERTIFICATE OF SERVICE

I hereby certify that I have this 19th day of March, 2008 served a copy of the forgoing attached, by first-class United States Mail, postage prepaid and addressed upon the following:

Tara S. Knee

Assistant Attorney General
Assistant General Counsel
Alabama Department of Corrections
Legal Division
Post Office Box 301501
Montgomery, Alabama 36130-1501

*Egbuonu Zephyr*

Zephyrinus Egbuonu
(Acting Pro-SE)
27041-265 FDC
Federal Detention Center
Post Office Box 5010
Oakdale,
Louisiana  71463

ZEPHYRINUS EGBUONU
27041-265 FDC
FEDERAL DETEN____ _____
P. O. BOX 5010
OAKDALE, LOUISIANA 71463



LEGAL MAIL

OFFICE  OF THE CLERK
UNITED STATES DISTRICT COURT
CIVIL DIVISION
MIDDLE DISTRICT OF ALABAMA
15 LEE STREET
MONTGOMERY, ALABAMA 36104