IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ZEPHYRINUS EGBUONU,              *
#27041-265
        Plaintiff,                *

        v.                        *       2:07-CV-998-WKW

CAPTAIN BARRETT, et al.,          *

        Defendants.               *

**NOTICE TO THE COURT**

COME NOW Plaintiff Zephyrinus Egbuonu, Acting Pro-Se, by and through him in the above-styled action, and file this Notice to the Court.  Plaintiff state as follow:

1.    Plaintiff mailed his original affidavit response to Defendants' affidavits and exhibits' copies; exhibits 5, 6, 11 through 28, 30 through 107, to the court on March 19, 2008 via United States Postal Service Certified Mail tracking no. 7006 2760 0001 0415 1921. (see attachment)

2.    The United States Postal Service ("USPS") attempted to the stated above mail documents on March 22, 08 but unable to deliver.  (see attachment)

3.    Plaintiff upon checking with Clerk of the Court whether the Court Clerk has received the stated above mail documents. Plaintiff was informed that his sent mail documents have not been received  by the Court.

4.    Plaintiff has mailed another set copies of the stated above documents to the Court.

5.    The USPS has returned the Plaintiff's sent mail documents to the Court dated March 19, 2008 back to the Plaintiff on April 1, 2008 stating that the mailed documents package was refused.

6.    Plaintiff is now sending back to the Court the original affidavits response to Defendants' affidavits which was part of the mail documents that the USPS returned to the Plaintiff.

Respectfully Submitted,

Egbuonu Zephyr

Zephyrinus Egbuonu
(Acting Pro-Se)
27041-265 FDC
Federal Detention Center
P. O. Box 5010
Oakdale, Louisiana 71463

## CERTIFICATE OF SERVICE

I hereby certify that I have this 7th April, 2008 served a copy of the forgoing Notice to the Court, by first-class United States Mail, postage prepaid and addressed upon the following:

Tara S. Knee
Assistant Attorney General/General Counsel
Alabama Department of Corrections  -  Legal Division
P. O. Box 301501
Montgomery, Alabama 36130-1501

Egbuonu Zephyr

Zephyrinus Egbuonu
(Acting Pro-Se)

ZEPHYR
27041-265 FDC
FEDERAL DETENT
P. O. BOX 5010
OAKDALE, LOUISIANA 71463



U.S. POSTAGE
PAID
OAKDALE, LA
71463
APR 09 '08
AMOUNT
$0.00
00059115-03



OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
CIVIL DIVISION
MIDDLE DISTRICT COURT
15 LEE STREET

MONTGOMERY, ALABAMA 36104

LEGAL MAIL





 **UNITED STATES POSTAL SERVICE**

Home | Help | Sign In

Track & Confirm       FAQs

# Track & Confirm

### Search Results

Label/Receipt Number: **7006 2760 0001 0415 1921**
Status: **Notice Left**

We attempted to deliver your item at 9:02 AM on March 22, 2008 in MONTGOMERY, AL 36104 and a notice was left. It can be redelivered or picked up at the Post Office. If the item is unclaimed, it will be returned to the sender. Information, if available, is updated every evening. Please check again later.

*Additional Details >*    *Return to USPS.com Home >*

Track & Confirm

Enter Label/Receipt Number.

*Go >*

Notification Options

### Track & Confirm by email

Get current event information or updates for your item sent to you or others by email.   *Go >*

Site Map    Contact Us    Forms    Gov't Services    Jobs    Privacy Policy    Terms of Use    National & Premier Accounts

Copyright 1999-2007 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA        

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ZEPHYRINUS EGBUONU,          *
#27041-265
      Plaintiff,            *

    v.                        *          2:07-CV-998-WKW

CAPTAIN BARRETT, *et al.*,    *

    Defendants.               *

## AFFIDAVIT RESPONSE TO TERRENCE McDONNELL'S AFFIDAVIT

Before me, the undersigned authority, Notary Public in and parish and State of Louisiana at large, personally Zephyrinus Egbuonu, who being known to me and being by me first duly sworn deposes any says on oath as follows:

My name is Zephyrinus Egbuonu, I am presently an immigration civil detainee at the Federal Detention Center in Oakdale, Louisiana and a former inmate of Kilby Correctional Facility, Mount Meigs, Alabama from September 2005 to August 1, 2006. Ex. 28 I am over nineteen (19) years of age. Kilby Correctional Facility ("KCF") is a Alabama Department of Corrections ("ALDOC") system.

**Warden Terrence McDonnell** was the Warden at Kilby Correctional Facility until March 2006. In March 2006, Prison Official Warden McDonnell was promoted to ALDOC Associate Commissioner over the programs and assigned to the Central Office in Montgomery, Alabama thereof Prison Official McDonnell was aware

EXHIBIT 6

and possessed knowledge of Inmate Egbuonu complaints and events
that took place until his promotion to Central Office and or
Prison Official Warden McDonnell has failed in his duties as a
KCF Head Official and failed to supervise his officials and sub-
ordinates including Prison  Officials Deputy Warden Rowell and
Captain Barrett and others.  Ex. 41-57, 100-107.

　　　　Prison Official Warden McDonnell's affidavit dated
December 3, 2007 under the Civil Action: **2:07-CV-999-WKW** which
provides as follows:

> **"I responded to a complaint filed by Inmate Egbuonu
> in September, 2007, Civil Action: 2:07 CV-685-ID,
> regarding him allegedly being denied access to the
> Inmate library."**

Defendants' Exhibit ("Def. Ex.") 2.     However, Prison Official
Warden McDonnell's affidavit dated December 10, 2007 under Civil
Action **2:07-CV-685-ID** was not filed to court nor provided to In-
mate Egbuonu until February 13, 2008.  Ex. 65    Prison Official
Warden McDonnell was aware and knew in fact as of December 2007
that he has not responded to the complaint filed by Inmate Egbuonu
in September, 2997, Civil Action: **2:07-CV-685 ID**, but totally dis-
regarded and told  the Honorable Court under the Civil Action:
**2:07-CV-998-WKW** that he has responded to the complaint, such
Prison Official Warden McDonnell atatement before the Honorable
Court may be incorrect and inaccurate statement before the Court.

　　　　Prison Official Warden McDonnell was responsible for the
administrative operation of the KCF and also holds supervisory
position at the KCF.    Prison Official McDonnell knew of the on-

going stated below access violations at the ALDOC Legal Division
and KCF law library and mail room under custom policy or policy
and perpetually failed to act to prevent the ongoing access vio-
lations for months and years and allowed his officials and subor-
dinates and others to perpetually violate prisoners like Inmate
Egbuonu's constitutional right under First and Fourteenth Amend
ments of the United States Constitution.

    No records before the Honorable Court depicted the authen-
icated law library opening hours to ensure that inmate workers
recieve adequate law library hours for their legal research.
Inmate Egbuonu has filed complaints requesting for: 1) current
law library schedule opening hours; 2) adequate access to ingress
and egress to laws library, however Prison Officials did not res-
ponse to Inmate Egbuonus' complaints. Moreso, the Kilby Correct-
ional Facility prison officials uses the institution law library
for showcase and meeting and visiting, and as such is not for
inmates to spend adequate time inside the law library to research
and commence their pleading to courts; Ex. 41, 42, 62, 71-73, and
Prison Official McDonnell was aware and possessed knowledge but
recklessly disregarded and acted with deliberate indifference and
did nothing to correct the deficit.

    The existing law library rule at the time of event req-
uired every inmates to sign-in to ingress the law library once
a day, the rule did not required inmates to sign-out to egress
the law library, for instance, if an inmates ingress to law lib-
rary for two (2) minutes prior to "Gate 3 Prison Officilas" close
the law library, that two (2) minutes spend would be count as one

3

(1) day.  Therefore, Prison Official Warden McDonnell's statement
in his filed affidavit that Inmate Egbuonu visited the law library
172 days from October 2005 to July 31, 2006 has failed to address
the issue that Inmate Egbuonu complained of , and has failed to
establish what the KCF institution law library memo meant by 172
days on the basis whether the actually time Inmate Egbuonu spend
in the law library was 172 minutes or 172 hours from October 2005
to July 31, 2006.  Def. Ex. 13.

        Inmate workers and others in the KCF are being denied ade-
quate access to the library on the basis for instance, 2nd shift
kitchen work hour is from 10 AM to 6 PM, however the Prison Offi-
cial kitchen steward required 2nd shift kitchen inmate workers to
report to the kitchen an hour (1) or an hour and half (1.5) early
to get ready to serve the inmate general population.  Ex. 41-43
The inmate law library open Monday to Friday from 8 AM to 4 PM
and on Saturday 3 PM to 6 PM.    Def. Ex. 2, 3, 4.

        Prison Official at "Gate 3" denied inmates access to
ingress and egress to the law library during the morning hours in
prt prior to launch.  Ex. 62, 71-73

        The 2nd shift kitchen inmate workers:  1) have no ample
access to the law library; and 2) are being denied their constit-
utionally protected rights of access to the court.   Prison Offi-
cials Warden McDonnell was the Head Official at the KCF and was
aware, possessed knowledge that 2nd shift kitchen inmates workers
are being denied access to law library pursuant to the ALDOC Adm-
inistrative Regulation and Constitution of United States, but
totally and recklessly disregarded and acted the deliberate

                               4

McDonnell

indifference when he failed to take actions to correct the inadequate access deficit of inmate workers right of access to the courts. Ex. 101, 102, 106

At no time that ALDOC AR indicated that the KCF law library shall provide extra time to KCF permanent party only but not the others and if so, such order may violate equal protection clause under the Fourteenth Amendment of the Constitution. Ex. 102 Prison Official Warden McDonnell's actions and inactions were the proximate caused of Inmate Egbuonu's irreparable harm and injury and loss and Inmate Egbuonu's constitutional rights violations.

Prison Official Warden McDonnell failed to train his Prison Officials as with respect to above, failed to implement and enforce ALDOC policy and regulation as relate to safety and safety precautions, failed to implement a policy and or implemented a policy so deficient that the policy itself is a repudiation of Constitutional rights' and was the moving force of the Inmate Egbuonu's constitutional right violations.

Prison Official Warden McDonnell was the true author of KCF Standard Operating Procedure Number: VII-6 "Inmate Mail Privileges" which provides:

> "3.  All incoming letters will be inspected for contraband, money and/or abuse of mail privileges before the delivery to the inmate
> a. Any type of internet material is prohibited"

KCF Standard Operating Procedure Number: VII-6 (II)(A); Def Ex. 10, in the 21st Century irrespective of the First and Fourteenth Amendment of the Constitution of the Unites States.

Prison Official Warden McDonnell has a pattern of implement-

5

ing a custom policy that may violates inmates' constitutional
right rights and has done nothing to correct such custom policy
that is/was inconsistent with the ALDOC policy and regulation, and
constitutional of the United States.  Ex. 3, 44-48, 61, 81, 100-
106 and see Def. Ex. 10

Prison Official in his filed affidavit failed to address
whether the KCF Standard Operating Procedure ("SOP") Number VII-6
as with respect to internet incoming mail policy is consistent
with the ALDOC AR 018, 026, 214, 241, 412, 448, States and Federal
laws and First and Fourteenth Amendments of the United States Con-
stitution.  EX. 100 - 102, 104, 106-107 and Def. Ex. 3, 5, 10

Prison Official Warden McDonnell failed to address Inmate
Egbuonu's civil complaint in his filed affidavit and failed to
disclose to the Honorable Court whether the KCF SOP No. VII-6
dated 01-27-03 was effective under the ALDOC AR 018 dated 03-19-85
and ineffective under the ALDOC AR 018 dated 03-29-05 and or
prison officials involved in this Inmate Egbuonu's claim for rel-
ief have failed to abide by the new ALDOC AR 018 dated 03-29-05
and constitution of the United States.    Ex. 100, 107, and Def.
Ex. 10

Prison Official Warden McDonnell failed:  1) to abide by
the 2005 ALDOC AR policies, Def. Ex. 10;  2) to operate within the
parameters specified and set forth by the laws of the State of
Alabama in conjunction with the 2005 ALDOC AR policies and dir-
ective of ALDOC Commisioner, Ex. 100, 107, DEf. Ex. 10; 3) to
ensure that the KCF SOP's are complete current and consistent with-
in the parameters specified and set forth by the laws of the State

6

of Alabama and Constitution in conjunction with the ALDOC AR;
4) to updated SOP annually to be consistent with ALDOC AR 018,
448, Ex. 100, 107.    No record presented by the Prison Officials
in this Inmate Egbuonu's claim for relief  that indicated the KCF
SOP VII-6 has been:  1) current;  2) updated annually;  3) con-
sistent with ALDOC AR, as required by ALDOC AR 018.    Ex. 3, 44-
48, 61, 81, 99-107, and see Def. Ex. 10.

    Prison Official Warden McDonnell was aware of the 2005
ALDOC AR 018, 026, 214, 219, 231, 403, 412, 448 mandate but reck-
lessly disregarded and acted with deliberate indifference and fail-
ed to abide by the directive of ALDOC AR as with respect to Inmate
Egbuonu's numerous request for:  1) access to legal materials (in-
cluding legal citation decisions, statutes, resources, informat
ions which were not available in the KCF institution law library;
2) right of access to adequate law library when legal citation dec-
isions  cited by government were not not available in the law
library and inmates were not allow to use the law library computer
desktop database containing current legal citation decisions to
research and prepare their respective court pleading;  3) rights
of access to the Court;  4) right of access to incoming mail
containing internet generated downloaded material text prints of
legal citation decisions,   resources and informations and others
which were not available in the KCF law library, when Prison Off-
icial Warden McDonnell and others enforced the KCF SOP VII-6 dated
2003 and other custom policy against Inmate Egbuonu and deprived
Inmate Egbuonu of his constitutional right and caused Inmate Egb-
uonu to suffer irreparable harm and injury.   Ex. 2, 3, 41-42, 44-

7

48, 53-58, 61-62, 68, 71-73, 81, 83, 87, 93, 100-107, and Def. Ex.
10

Genuine issue of material fact existed as to whether the
Prison Official Warden McDonnell acted alone and did seek advise
from the General Counsel of ALDOC Legal Division prior to the
enactment of the KOP SOP No. VII-6 in 2003 and or Whether the
enactment of KOP SOP No. VII-6 in 2003 was soley based on the
advise of the General Counsel and or both the Prison Official War-
den and General Counsel have worked together agreed to enactment
of KOP SOP No. VII-6 as with respect of Inmate Egbuonu's civil
complaint?   Ex. 5, 101, 107, and Def. Ex. 10.

Genuine issue of material fact existed as whether the
Prison Official Warden McDonnell did rely on Old ALDOC and or
KCF SOP manual(s) to denied Inmate Egbuonu access to internet
material text prints containing legal citation decisions that were
not available in the institution law library, and in fact KCF SOP
VII-6 (II)(A)(3) superseded the 2005 ALDOC AR 018, 448?   Ex. 100,
1007 and Def. Ex. 10

Prison Official Warden McDonnell enacted KCF SOP VII-6 was
the moving force behind Inmate Egbuonu's constitutional rights vio-
lations when Inmate Egbuonu was denied access to receive incoming
mail containing internet generated downloaded material text prints
of legal citation decisions, statutes, resources, informations and
others which were not available in the KCF law library.   Moreso,
the Prison Warden McDonnell enacted KCP SOP VII-6 was the moving
force behind Inmate Egbuonu's constitution rights violations when
Inmate Egbuonu was denied access to legal material and in doing so
denied him access to the Court.

Prison Official Warden McDonnell's internet policy and reg-
ulation violated Freedom of Information, First Amendment;  may
have violated Commerce clause, Article I, Section 8; restricted
the advance of technology anf its innovation; conflict with rehab-
ilitation and education programs with the prison.

Prison Official Warden accepted and honored the Lexis/Nexis
contract with ALDOC system to provide legal material DVD formats
on a quarterly basis to the KCF institution law library two desk-
top computer database for the law librarian clerk, Def. Ex. 3, 4,
5, however, he rejected denied inmates like Inmate Egbuonu from
reciving receive incoming mail containing internet-generated down-
loaded current legal citation decisions material text prints from
Lexis Nexis and West Laws which were not available in the KCF law
library.    Ex. 2, 44-48, 61, 81, 81. 83

Inmate Egbuonu states that the Prison Official Warden
McDonnell's internet prohibit policy was arbitrary and unjustifia-
ble when he failed to abide by established procedures or standards
and evince improper objective and was not done for legitimate and
neutral reasons.

Inmate  Egbuonu next states that he fail to see how Prison
Official Warden McDonnell complete denial of access to constitut-
ionally protected materials (regardless of behavior) further beh-
avior management or rehabilitation.

Inmate Egbuonu further states he fail to see as to alter-
native means of exercising the stated above right access through
inadequate law library and legal assistance is not an adequate
substitute for reading internet generated downloaded material

9

text prints.

Prison Official Warden has made no effort to explain why incoming mail containing internet generated downloaded material text prints are more susceptible to being used to deliver contra band than other items such as printed text material from computer and photocopies from a text book.

Inmate Egbuonu states there would not seen to be much of a penological interest in prohibiting access to internet download-ed material text prints but not books, computer word processor material text, magazine, television, radio and other programs cont-aining   similar content that inmates have access to.

Prison Official Warden McDonnell has  offered no justific-ation for enforcement of the regulation restricting access to internet material text prints, access to internet  material of out of state legal citation decisions and its accompanying text prints which were not available at the KCF law library, in doing so under his enforced policy denied Inmate Egbuonu access to leg-al materials and access to the court despite it was entirely for-seeable that denial and arbitrary denial of the out of state legal citation decisions cited by the Alabama State Judicial System would obstruct Plaintiff's ability to prepare his petition and commmence his pleading before the Federal Court.  Ex. 44-48, 61, 81, 83, 38.

Prison Official Warden have not presented the Court with an adequately records that he knew of and received from ALDOC and ALDOC Legal Division for the Honorable Court meaningfully evaluate the asserted governmental interest, whether a valid and rational connection exists between the regulation and that interest, wheth-

10

er alternative meanss of exercising the constitutional rights
remain available to inmates like Inmate Egbuonu, the effect accomo-
odating the stated above rights would have on contractors, guards
and inmates, or the absence of ready alternatives.  Consequently,
Prison Official told the Honorable Court in his filed affidavit:

> "`.. the above response is the extent of my knowledge
> involving Inmate Egbuonu's allegation in this complaint`"

despite that he was aware, possessed knowledge about the unconsti-
tutional conducts and situations existed at the KCF at the time
he was the KCF Warden and author of KCF SOP No. VII-6.  Def. Ex.
10.    If the Honorable Court accept the affidavit of Prison Off-
icial Warden McDonnell to the truth and best of his recollection,
then it would mean that Prison Official Warden failure to abide
by ALDOC AR, and failure to train and supervise Prison Official
and enforcement of unconstitutional policy and regulation is acc-
eptable.  Ex. 100-107, Def. Ex. 10

Prison Official Warden McDonnell has a Constitutional
obligation to take reasonable measures to guarantee inmates like
Inmates Egbuonu has:  1) access to legal materials (legal citation
decisions, statutes, resources, informations and others); 2) right of
access to incoming mail containing internet generated downloaded
material text prints;  3) right of access to the adequate law lib-
rary, rights of access  to the courts; 4) train and supervise Prison
official on how conduct their duties and protect prisoners' consti-
tutional rights such as to develop and or enforce a ploicy of
sharing informations regarding legal materials and deviate from

11

unconstitutional policy that violates prisoners' constitutional
rights.  Ex. 44-58, Def. Ex. 10

Prison Official Warden McDonnell failed to fulfill and
meet the stated above described Constitutional obligations and his
failure  to fulfill and meet the stated above Constitutional oblig-
ations were the moving force in violation of the Inmate Egbuonu's
Constitutional rights by the prison officials at the KCF and ALDOC.

Prison Official Warden McDonnell acted negligently, reck-
lessly disregarded and acted with actual malice or intent and with
deliberate indifference when he did nothing and failed to correct
and protect Inmate Egbuonu's constitutional rights after implement-
ed and enforced a policy that violated Inmate Constitutional
rights.  Ex. 2, 3, 41-42, 44-48, 53-58, 61-62, 67, 68, 71-73, 81,
83, 87, 93

Prison Official Warden McDonnell violated Inmate Egbuo-
nu's constitutional rights when under his enacted policy and
others failed to provide Inmate Egbuonu the stated above constit-
utional obligations:  1) access to the legal materials not avail-
able  at the KCF law library; 2) access to adequate library;  3)
access to the court;  4) access to incoming mail containing int-
ernet material text prints; 5) train and supervise his prison off-
icials on howto conduct their duties and protect prisoners' con-
stitutional rights.

Prison Official Warden McDonnell conduct actions and
inactions as with respect to the  Egbuonu's  Constitution rights
violation, were the moving force behind the violations Inmate
Egbuonu's suffered and has caused Inmate Egbuonu irreparable

12

suffer, harm and injury.

Prison Official Warden McDonnell acted with deliberate indifference when he failed to provide inmates like Inmate Egbuonu the legal citation decision he requested and a way of knowing when the State, Federal, United States Supreme Courts announce new decisions. Inmates at the KCF have no access to current decision as announced by the courts and have no access to desktop computer database which happens to be updated on a quarterly basis. Ex. 52

Prison Official Warden McDonnell acted with deliberate indifference not to protect Inmate Rgbuonu's constitutional rights, and failed to advise the prison officials that internet prohibit violates inmates like Inmate Egbuonu's constitutional rights as with respect to incoming mails containing internet material text prints. Ex. 44-48 and Def. Ex. 3, 4, 10

Prison Official Warden McDonnell has caused Inmate Egbuonu to suffer irreparable harm and injury when his policy, custom and conducts failed to provide Inmate Egbuonu access to the law library desktop computer database for research, adequate law library, legal materials cited by the government and used to deny Inmate Egbuonu his claim for relief.

Prison Official Warden McDonnell has no policy in place to provide Inmate Egbuonu legal citation decisions outside Eleventh and Fifth Circuits Inmate Egbuonu needed to review, commence his pleading timely to Federal Court and in doing so violated Inmate Egbuonu's Constitutional rights.

Prison Official Warden McDonnell recklessly disregarded that the stated above Constitutional obligations and are to prev-

ent first unconstitutional conduct actions and inactions from occurring and:  1) perpetually failed to apply and enforce rules, precaution and due process to bar it from occurring;  2) perpetually failed to train his subordinates and contractors to and protect Inmate Egbuonu's constitutional rights under the First and Fourteenth Amendments;  3) failed to train and supervise his subordinates as with respect to the stated above described constitutional obligations and as a result Inmate Egbuonu has suffered under Prison Official Warden McDonnell administrators/supervision and continued to suffer.

It would be unconstitutional for Prison Official Warden McDonnell to deny Inmates Egbuonu's access to the stated above described regardless of whether that denial is occurring under the plain lanuage of the ALDOC, KCF, Contract Legal Counsel regulation(s) or virtue of the manner in which prison officials were screening the access.    Ex. 2-3, 41-42, 44-48, 53-58, 61-62, 67-68, 71-73, 81, 84, 87, 93, 100-107.

Prison Official Warden McDonnell was the Head and Warden of the KCF and has failed as administrators to establish training, supervision, advise, discipline and terminate prison officials and contractors which would have:  1) prevented and discourage prison officials and contractors from violating inmates like Inmate Egbuonu's constitutional rights;  2) alerted Alabama Department of Justice and or Judicial System to provide the ALDOC and KCF the legal materials Inmate Egbuonu requested and needed to commence his exhausted States' denied writ.  Ex. 1, 13, 14

Prison Official Warden McDonnell has failed to coordinate

14

McDonnell

Inmate Egbuonu request for legal materials with the appropriate office that could have assisted and has failed to intervene to Inmate Egbuonu request.

Prison Official Warden McDonnell's policy or custom has failed to provide inmates like Inmate Egbuonu the legal materials he needed when the prison officials forced Inmate Egbuonu to depend on the inmates' law librarian clerks to conduct search of legal materials including legal citation decisions from the compputer database for him; Ex. 52, and as a result Inmate Egbuonu was denied his numerous current legal citation decisions that he needed to review that were in the law library desktop computer desktop computer database.    Def. Ex. 3, 4, 5.

Prison Official Warden McDonnell failed to provide Inmate Egbuonu the legal material materials and assistance he requested and necessary for his legal research despite he was aware and possessed knowledge that the KCF enacted law library and mailroom policy would not allow Inmate Egbuonu to receive the stated above described access, but he recklessly disregarded and acted with deliberate indifference and failed to intervene.

Prison Official Warden McDonnell was a KCF final policy maker has failed to establish how over 900 inmates at KCF can adequately access to law library available two desktop computer database for their respective research and shepardize and meet deadline to commence their pleading in various courts.

Prison Official has failed to provide inmates adequate law library and access to the Court when: 1) he failed to provide inmates with adequate number of desktop computer database in the

15

absence of current books on the law library shelves for inmates'
research and preparation of their legal documents to serve, file
to the courts to commence personal liberty interest.    Ex. 52

      Prison Official Warden McDonnell and others are afraid and
have no interest to rehabilitate inmates in the State of Alabama
in the 21st Century technology, when he perpetually deny inmates
direct access to use the inmates' two desktop computer database
containing current legal citation decisions and forced inmates
like Inmate Egbuonu to depend on his law librarian clerks to prov-
ide him his research legal citation decisions and Inmate Egbuonu
has no way of knowing and verifying whether the inmate law librar-
ian actually do conduct the research he requested.    Ex. 52

      Prison Official was aware and possessed knowledge that KCF
institution law librarian clerks has no time for assisting indigent
inmates who has no money or items to pay inmate law librarian
clerks for the computer database crisp and precise research but
Prison Official Warden McDonnell totally recklessly disregarded
acted with deliberate indifference to allow his prison officials
to deny inmates like Inmate Egbuonu access to use the inmates'
law library desktop computer to conduct his research in the 21st
Century technology but access were given to other inmates law lib-
rarian clerk.

      Inmate Egbuonu has never waived his personal interest to
conduct his legal research on the law library desktop computer
database, however the Prison Official Warden McDonnell and others
custom and policy forced Inmate Egbuonu to surrender his research
to the law librarian clerk which lacks knowledge about Inmate
Egbuonu case or matter.    Inmate has suffered under Prison Official

16

Warden McDonnell's policy and custom and supervision.

Inmate Egbuonu was denied access to his incoming mail containing internet generated downloaded legal material text prints including legal citation decisions that were not available at the KCF institutional law library pursuant to the enacted KCF SOP No. VII-6. Ex. 2, 44-48, 53-58, 61, 67-68, 81, 83-87, 93, 100-107, and Def. Ex. 10.

Prison Official Warden McDonnell failed to abide by their ALDOC AR and Constitution of United States and failed to seek legal advise from appropriate office as with respect to stated above described access issue and failed to train his prison official as with respect to how to conduct their duties and to protect prisoner's constitutional rights when he deliberately enacted a custom and or policy contrary to the Constitution.

Prison Official Warden McDonnell in his filed affidavit failed to address whether internet material is a threat to the safety and security of the public, staff, inmates and at KCF institution but not at Staton Correctional Facility ("SCF") and other institution in Alabama. Ex. 44 - 48, 100, 106 - 107, and Def. Ex. 1, 2, 3, 4, 5.

Inmate Egbuonu was not housed at a maximum security prisons at Alabama state rather he was housed at the KCF permanent party minimum/medium security institution and inmates at KCF permanent party have a grater degree of freedom than inmates at higher security facilities because they pose fewer security risks. Prison Official Warden McDonnell in his filed affidavit failed to explain why other correctional facility systems can get along without such

restrictive rules prohibiting inmates like Inmate Egbuonu from rec-
eiving incomong mails containing internet materials text prints but
the KCF in Alabama State can't.    Indeed, the failure of Prison
Official Warden McDonnell to explain another correctional facility
institution with the same  compelling interests was able to accomo-
date the same internet material text prints may constitute a fail-
ure to establish that Prison Official Warden McDonnell and others
were using the least restrictive.

    Prison Official Warden McDonnell fails to explain why it
does not have a similarly restrictive policy enforce on other com-
puter material text prints and media since the interest in whatever
it may be are no less compelling for computer material text prints
and media.

    Prison Official Warden McDonnell and others forced inmates
like Inmate Egbuonu to choose between following his First and Four-
teenth Amendments rights and belief or abandoning them satisfies
the irreparable harm and injury, and the balance of irreparable
harm and injury, and balance of hardship favors the Inmate Egbuonu
and Prison Official Warden McDonnell have violated Inmate Egbuonu's
First and Fourteenth Amendments of the United States Constitution
constitute irreparable harm and injury.

    Inamte Egbuonu has never failed to follow instructions, ins-
titutional rules and regulations and safety guidelines given to him
by the prison officials and others, otherwise Inmate Egbuonu would
have received a sanctions, citations, and disciplinary actions pur-
suant to ALDOC AR 403; Ex. 105,  but Inmate Egbuonu  has never vio-
lated any of the ALDOC AR rules and regulations and prison official

18

and others have not stated otherwise or prove the same. Ex. 28   At
no time sanctions, citations, denial, disciplinary actions issued
to Inmate Egbuonu by prison officials and others for: 1) filing
any false statement or complaint for the stated above described
Constitutional obligations and access; 2) failure to follow dir-
ect prison official order;  3) failure to follow law librarian
clerks order;  4) failure to request/file access to legal materials
and law library form N944L i; 5) Filing any false allegation again-
st prison officials, contractors and law librarians; 6) violating
of ALDOC AR rules or regulation.  Ex. 2, 28, 44-48, 53-58, 61, 67-
68, 81, 83-87, 93, 100-107, and Def. Ex. 11, 12

   Prison Official Warden McDonnell and others are responsible
for the deficiency of the internet material incoming mails and law
library final policies and regulation and because they instituted
that system, defined the obligations of the mail room clerk and
law library and communicate with the ALDOC Legal Division, and as
a result, the Prison Official Warden McDonnell and others are
liable for their own actions which impeded the Inmate Egbuonu's
access to the incoming mails containing internet material text
prints, legal material, adequate law library, access to the courts
and Inmate Egbuonu's actual irreparable harm and injury.

   Prison Official Warden McDonnell and others facilitate
prison conducts, approve it, condone it and turn a blind eye for
fear of what he might see in other words act either knowingly or
with deliberate reckless indifference when he failed to response
to Inmate Egbuonu's complaint letter or intervene and correct the
unconstitutional conducts by his prison officials.  Ex. 2, 3, 44 -

48, 53-58, 61, 67-68, 81, 83, 87, 93, 100-107

Prison Official Warden McDonnell and others are responsible
for: 1) institutional Standard Operating Procedures ("SOP"),
Ex. 100;  2) obtain legal advise from the ALDOC legal division,
Ex. 101;  3) law library supervisions including operation and main-
tenance, Ex. 102;  4) training programs for prison officials and
subordinates and inmate law librarian clerks, Ex. 103;  5)  ensur-
ing all newly appointed supervisors attend supervisor training
as with respect to law library, Ex. 104;  6) disciplinary hearing
procedures, Ex. 105;  7) Inmate mail, Ex. 107, however Prison Off-
icial has failed to correct fulfill the stated above and failed to
address Inmate Egbuonu's civil complaint issues presented to him
despite that he was the KCF Head and Warden at the time the event
took place in part.

Inmate Egbuonu's evidence before the court is not only
believable prior to discovery, but also compelling that Prison
Official Warden McDonnell and others were aware, pssessed know-
ledge that Plaintiff have never been to, nor had contact with the
State of Alabama, was falsely labelled fugitive from Alabama in
the 21st Century and extradited to Alabama State inconsistent with
Federal laws and Constitution of the United States and Universal
Declaration of Human Rights, subjected to trial before the Alabama
State Tribunal pursuant to the Alabama State Code § **13A-8-196** with
the hometown jury of the Alabama State's accuser where no crime or
element of crime was committed.    Ex. 3, 4, 12, 14, 15-18, 27, 30,
98

Prison Official  Warden McDonnell was aware and possessed

20

knowledge that Inmate Egbuonu was tried in the Alabama State in absence of the Constitutional due process and jurisdiction of the United States irrespective that the Constitution mandate criminal trial shall be held where the crime was committed.  Ex. 3, 4, 12, 14, 15-18, 27, 30, 67, 97, 98, U.S.C. Article I, III, IV, VI and U.S.C. Amendment 5, 6, 8.   However, Prison Official Warden McDonnell worked alone and together with others to denied deprived Inmate Egbuonu the legal citation decisions he requested that he needed to conduct research, prepare, file his exhausted State's writ before the Federal Court and also denied him access to receive incoming mail containing internet generated downloaded material text print in part  including the legal material decisions that Inmate Egbuonu requested which were not available in the institution law library. Ex. 44-48, 51-56, 67, 83

Prison Official Warden McDonnell was aware and possessed knowledge of the above described and have taking every step necessary to prohibit Inmate Egbuonu from informing or notifying the Federal Court timely about the State of Alabama new enacted code § 13A-8-196 which is in contrary to Federal laws and Constitution of United States, International Treaties and Universal Declaration of Human Rights, and as a result of his actions and inactions, Inmate Egbuonu have suffered irreparable harm and injury and damages and loss and continuous incarceration/detention and in addition to as his direct appeal is still with the Alabama Court of Criminal Appeals for rehearing since March 6 or 7, 2008.  Ex. 98

Prison Official Warden McDonnell failure to meet the stated above described Constitutional obligation and failed to train and

21

supervise his prison officials as with respect to Inmate Egbuonu's
civil complaint.    Inmate Egbuonu re-alleges and incorporates by
references to his attached exhibits, filed civil complaints and
his response to Prison Official Warden filed Affidavits and states
that Prison Official Warden McDonnell has violated Inmate Egbuonu's
First, Eighth and Fourteenth Amendments Constitutional rights, Fed-
eral and State laws and regulations respectively as with respect
to Inmate Egbuonu's claim for relief and has engaged in intentional
or reckless conduct, the conduct extreme and outrageous, the cond-
uct caused the Plaintiff sleeplessness, emotional distress, damages,
economic and non-economic loss and was severe.    Prison Official
McDonnell has worked alone and together with others to form a cust-
om policy which violates Inmate Egbuonu's First and Fourteenth
Amendments' constitutional rights, Federal and State law and reg-
ulations respectively in all manner.


                                    *Egbuonu Zephyr*
                                    _____
                                    Zephyrinus Egbuonu
                                    (Acting Pro-Se)



**STATE OF LOUISIANA**

**OAKDALE, LOUISIANA**

        Sworn to and subscribed before and under my hand official
seal this the ___19TH___ day of March, 2008.

                                    _____
                                    Notary Public


My Commission expires: _____

                        22

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ZEPHYRINUS EGBUONU, #27041-265 | * | |
| Plaintiff, | * | |
| v. | * | 2:07-CV-998-WKW |
| CAPTAIN BARRETT, *et al.*, | * | |
| Defendants. | * | |

## AFFIDAVIT RESPONSE TO RICHARD ALLEN'S AFFIDAVIT

Before me, the undersigned authority, Notary Public in and parish and State of Louisiana at large, personally Zephyrinus Egbuonu, who being known to me and being by me first duly sworn, deposes and says on oath as follows:

My name is Zephyrinus Egbuonu, I am presently an immigration civil detainee at the Federal Detention Center in Oakdale, Louisiana and a former inmate of Kilby Correctional Facility, Mount Meigs, Alabama. I am over nineteen (19) years of age.

Kilby Correctional Facility ("KCF") is an Alabama Department of Corrections ("ALDOC") system, and KCF and every prisoner in the ALDOC are required to work as well as former Inmate Zephyrinus Egbuonu.

**Commissioner Richard Allen** was the State Chief Deputy Attorney when Alabama State Code § 13A-8-196 was enacted in 2001 and amended in 2003; Ex. 12. He was the State Deputy Attorney when Inmate Egbuonu filed his states' writ of habeas corpus appellant

# EXHIBIT 5

brief before the Alabama Court of Criminal Appeals in August 2004;
Ex. 39, challenging the Constitutionality of the Alabama State
Code 13A-8-196 which automatically placed trial venue where Ala-
bama State accuser resides or found in the 21st Century irrespec-
tive no overt act nor crime or element of crime was committed with
and in Alabama State. Ex. 15-18  All crime commenced continued
consummated in Los Angeles County, California. Ex. 4  Commission-
er Allen was also the State Chief Deputy Attorney when the Alabama
Court of Criminal Appeals held that the Alabama Code § 13A-8-196
is not unconstitutional. Ex. 1, then see Ex. 4, 14, 15-18, 39.

Commissioner Allen served as Alabama State Chief Deputy
Attorney under Alabama Attorney General and retired in December
2004; few weeks after Alabama Court of Criminal Appeals denied
Inmate Egbuonu his States' writ. Ex. 1  Commissioner Allen was
appointed as ALDOC Commissioner in about February 2006 to succeed
ALDOC Commissioner Donal Campbell who authored the 2005 ALDOC
Administrative Regulation ("AR"). Ex. 99-107  He was appointed by
Governor Bob Riley in February 2006 to implement the recommenda-
tions of his task force on prison crowding and in the process to
give priority as follows: 1) public safety; 2) safety of our
corrections officers and department staff; 3) provide humane and
Constitutional conditions of incarceration in all facilities;
4) provide educational and job training where appropriate; 5) and
to ensure that the spiritual needs of those in our prisons are
met.

Inmate Egbuonu states that Commissioner Allen have not
presented the Court with an adequately developed records that he

2

received from Inmate Egbuonu for  the Court meaningfully evaluate
the asserted governmental interest, whether a valid and rational
connection exists between the regulation and that interest, wheth
er alternative means of exercising the Constitutional right remain
available to Inmate Egbuonu,  the effect accomodating the right
would have on Contractors, guards and inmates, or the absence of
ready alternatives.   Consequently, Commissioner Allen told the
Court that he did not know the Inmate Egbuonu in this matter;
Defendants ("Def.") Ex. 1, despite that Inmate Egbuonu did notif-
ied and informed Commissioner Allen and others about the unconsti-
tutional situation that existed at KCF.  If the Court accept the
affidavit of Commissioner Allen to be the truth of matter then it
would mean  that the United States Postal Service delivered Inmate
Egbuonu sent letters to Commissioner Allen to a wrong address
every time, however that was not the case here because Inmate
Egbuonu's letter was delivered to the Commissioner Allen address.
Ex. 67, 82-84, 91, 93, 97    Commissioner Allen have not establish-
ed that it is entitled to a relief as a matter of law on this
claim. Commissioner Allen has  a Constitutional obligation to take
reasonable measures to guarantee Inmate Egbuonu has: access to
legal materials (legal citations, statutes resources, informat-
ions), right of access to the adequate law library, rights of
access to the Courts, right of access to incoming mail containing
internet generated downloaded material text prints, train and
and supervise his officials on how conduct their duties and
protect prisoners Constitutional rights such as to develop and or
enforce  a policy of sharing informations regarding legal mater-

3

ials and to deviate from unconstitutional implemented    policy
that violates prisoners' Constitutional rights.    Ex. 98-107
The Commissioner Allen failed to fulfill and meet the stated above
described Constitutional obligations and his failure to fulfill
and meet the stated above Constitutional obligations were the
moving force in violation of the Inmate Egbuonu's Constitutional
rights by the prison officials at the KCF and ALDOC.    Commission-
er acted negligently, recklessly disregarded and acted with actual
malice or intent and with deliberate indifference when he did no-
thing and failed to correct and protect Inmate Egbuonu's Constit-
utional rights after being informed and notified by Inmate Egbuonu
Ex. 67, 82, 83, 84    Commissioner violated Inmate Egbuonu's Con-
stitutional rights when he failed to respond and provide Inmate
Egbuonu the       stated above Constitutional obligations nor
provide or make available an alternative solution.    Ex. 67, 83.
Commissioner Allen conduct actions and inactions as with respect
to the Egbuonu's  Constitution rights violations by prison
officials were also the moving force behind the violations and
has caused Egbuonu's irreparable suffer, harm and injury.    Com-
missioner Allen was a final decision maker regulating whether an
inmate shall not receive or have access to legal material, access
to adequate law library, access to the Court, and incoming mails
containing internet material text prints.

        At no time did Commissioner Allen provide or make
available the legal materials Inmate Egbuonu requested which were
not in the KCF law library nor made available alternative in
which Inmate Egbuonu could receive it.    Ex. 67, 83

4

Commissioner has no policy and information in place to
provide Inmate Egbuonu with the legal citation decisions that he
requested and in part cited by the government against Inmate
Egbuonu; Ex. 1, 23, 52-56, and totally and recklessly disregarded
and acted with deliberate indifference and did nothing to correct
deficit and failed to:  a) fashion a policy addressing Egbuonu's
complaint after being notified and informed;  2) failed to make a
good faith effort to implement or enforce the policy rules and
regulation to protect Inmate Egbuonu's Constitutional rights;
3) failed to train his officials on how to conduct their duties,
abide by ALDOC AR and to protect inmates like Inmate Egbuonu from
being denied access to the stated above Constitutional obligations;
4) failed to respond to Inmate Egbuonu's complaints requesting for
assistance.  Ex. 67, 82-84, 100-107

At no time Commissioner Allen responded to Inmate Egbuonu's
letters to him requesting his assistance to obtain the legal mat-
erial necessary and needed by Inmate Egbuonu to review, research,
prepare, serve, file and commence federal Court as with respect
to Inmate Egbuonu's exhausted States' writ; Ex. 1, 14, and other
civil rights litigation.

Commissioner Allen delays and not to respond to Inmate
Egbuonu's request was unreasonable based upon the information
known to him and as such,  Commissioner Allen acted with deliber-
ate indifference not to protect Inmate Egbuonu's Constitutional
rights, and failed to advise the prison officials that internet
prohibit violates inmates like Inmate Egbuonu's Constitutional
rights as with respect to incoming mails containing internet

5

material text prints.  Ex. 44 - 48, then Def. Ex. 3, 4, 10

Commissioner Allen has caused Inmate Egbuonu to irreparable suffer, harm and injury when his policy, custom and conducts failed to provide Inmate Egbuonu access to the law library desktop computer database for research, adequate law library, legal materials including legal citations cited by the government and used to deny Inmate Egbuonu his claim for relief.  Commissioner has no policy in place to provide Inmate Egbuonu legal citation decisions outside Eleventh and Fifth Circuits Inmate Egbuonu needed to review, commence his pleading in time to Federal Court and in doing so violated Inmate Egbuonu's Constitutional rights.

Commissioner Allen recklessly disregarded that the stated above described Constitutional obligation and is to prevent the first unconstitutional conduct actions and inactions from occurring and: 1) perpetually failed to apply and enforce rules, precaution and due process to bar it from occurring;  2) perpetually failed to train his subordinates and contractors to and protect Inmate Constitutional rights  under the First and Fourteenth Amendments; 3) failed to train and supervise his subordinates in respect to the stated above described Constitutional obligations and as a result Inmate Egbuonu has suffered under Commissioner Allen's administrators/supervision and continued to suffer.

It is unconstitutional for Commissioner Allen to deny Inmates Egbuonu's access to the stated above described regardless of whether that denial is occurring under the plain language of the ALDOC, KCF, Contract Counsel regulation(s) or by virtue of the manner in which prison officials were screening the access. Ex. 2-3, 41-42, 44-48, 53-58, 61-62, 67-68, 71-73, 81, 84, 87, 93,

6

100-107.   Commissioner has failed as administrators to establish
training, supervision, advise, discipline and terminate prison
officials and contractors which would have: 1) prevented and dis-
courage prison officials and contractors from violating inmates
like Inmate Egbuonu's Constitutional rights;  2) alerted Alabama
Department of justice and Judicial Systems to provide the ALDOC
and KCF the legal materials Inmate Egbuonu requested and needed
to commence his exhausted States' denied writ. Ex. 1, 13, 14  Com-
missioner Allen has failed to cordinate Inmate Egbuonu request for
legal materials with the appropriate office that would have assist-
ed and has failed to respond to Inmate Egbuonu's request.  Ex. 67,
82-84

     Commissioner policy or custom has failed to provide inmates
like Inmate Egbuonu the legal materials he needed when the prison
officials forced Inmate Egbuonu to depend on the inmates' law
librarian clerks to conduct search of legal materials including
legal citation decisions from the computer database for him. Ex.
52 and as result denied him numerous current legal citation dec-
isions that he needed to review that were in the law library desk-
top computer database.  Def. Ex. 3, 4, 5

     Commissioner Allen failed to provide Inmate Egbuonu the
legal materials and assistance he requested and necessary for his
legal research despite that he was notified and properly informed by
Inmate Egbuonu, but he recklessly disregarded and acted with
deliberate indifference and failed to intervene.

     Commissioner Allen as a final policy maker has failed to
establish how over 900 inmates at KCF can adequately access to
available two desktop computer database for their respective

research and shepardize and meet deadline to commence their plead-
ing in various Court. Commissioner Allen has failed to provide
inmates adequate law library and access to the Court when: 1) he
failed to provide inmates with adequate number of desktop computer
database in the absence of current books on the law library shelv-
es for inmates' research and preparation of their legal documents
to serve, file to the courts to commence personal liberty interest.
Ex. 52

Commissioner Allen is afraid and have no interest to rehab-
ilitate inmates in the State of Alabama in the 21st Century tech-
nology, when he perpetually deny inmates access to use the in-
mates' two desktop computer database containing current legal
citation and forced inmates like Inmate Egbuonu to depend on his
law librarian clerks to provide him with their research and Inmate
Egbuonu has no way of verifying whether the inmate law librarian
actually do conduct the research he requested. Commissioner Allen
was aware and possessed knowledge that institution law librarian
clerks has no time for assisting inmates who have no items to pay
inmate law librarian clerk for the computer database research but
totally recklessly disregarded and acted with deliberate indiffer-
ence to deny inmates like Inmate Egbuonu access to use the inmates'
law library desktop computer to conduct his research in the 21st
Century technology but access were given to other inmates law
librarian clerk. Inmate Egbuonu has never waived his personal
interest to conduct his legal research on the law library desktop
computer database, however the prison officials and others forced
Inmate Egbuonu to surrender his research to the law librarian

8

clerk which        lacks knowledge about Inmate Egbuonu criminal
case.   Inmate has suffered under Commissioner Allen policy and
custom and supervision.

     Inmate Egbuonu was denied access to his incoming mail con-
taining internet generated downloaded legal material text prints
in part that were not available at the KCF institution law library;
Ex. 2, 44-48, 53-58, 61, 67-68, 81, 83-87, 93, 100-107, and  he
(Allen) failed to abide by their ALDOC AR and Constitution of Uni-
ted States and failed to train his prison officials and contractors
as with respect to how to conduct  their duties and to protect
prisoner's constitutional rights.   Commissioner Allen in his filed
affidavit failed to address whether internt material is a threat
to the safety and security of the public, staff, inmates and at
KCF institution but not in Staton  Correctional Facility ("SCF")
and other institution in Alabama.   Def. Ex. 1, 2, 3, 4, 5, and
Ex. 44-48, 100, 106-107.

     Comissioner Allen was aware and possessed knowledge of the
KCF institution policy which provides"

     "3.  All incoming letters will be inspected for contraband,
        money and/or abuse of mail privileges before delivery
        to the inmate.

        a.   Any type of internet material is prohibited"
KCF Standard Operating Procedure ("SOP") Number: VII-6  "Inmate
Mail Privileges"  section (II)(3) page 3, authored by Warden Terr-
ance McDonnell dated January 27, 2003 and February 19, 2003.
However, Commissioner Allen in his filed affidavit failed to add-
ress whether the KCF SOP Number VII-6 internet policy is consist-

9

ent with the ALDOC AR 018, 026, 214, 231, 412, 448, States and
Federal laws and First and Fourteenth Amendments of the United
States Constitution.  Ex. 100-102,  104, 106-107 and Def. Ex. 3,
4, 5, 10   Commissioner Allen failed to address and disclose to
the Court whether the KCF SOP no. VII-6 dated 01-27-03 was effect-
ive under the ALDOC AR 018 dated 03-19-85  and ineffective under
the ALDOC AR 018 dated 03-29-05 and or prison officials have fail-
ed to abide by the new ALDOC AR 018 dated 03-29-05 and Constitu-
tion of the United States.  Ex. 100, 107, and Def. Ex. 10

Inmate Egbuonu was not housed at a maximum security prisons at
 Alabama  State rather he was at the KCF permanent party minimum/
medium security institution and inmates at KCF permanent party
have a greater degree of freedom than inmates at higher security
facilities because they pose fewer security risks.  Commissioner
Allen did not explain why other prison systems can get along with-
out such restrictive rules prohibiting inmates like Inmate Egbuonu
from receiving incoming mails containing internet materials text
prints but the KCF in Alabama State can't.   Indeed, the failure
of Commissioner to explain why another institution with the same
compelling interests was able to accomodate the same internet
material text prints may constitute a failure to establish that
Commissioner Allen and others were using the least restrictive.
Commissioner Allen fails to explain why it does not have a simila-
rly restrictive policy enforce on other computer material text
prints and media since the interest in whatever it may be are no
less compelling for computer material text print and media.
Commissioner Allen and others forcing inmates like Inmate Egbuonu

10

to choose between following his First and Fourteenth Amendments
rights and belief or abandoning them satisfies the irreparable
harm and injury, and the balance of irreparable harm and injury,
and balance of hardships favors the Inmate Egbuonu and Commissioner
Allen have violated Inmate Egbuonu's First and Fourteenth Amend-
ments constitute irreparable harm and injury.

Inmate Egbuonu has never failed to follow instructions, in-
stitutional rules and regulations and safety guidelines given to
him by the prison officials  and others, otherwise Inmate Egbuonu
would have received a sanctions, citations, and disciplinary
actions pursuant to ALDOC AR 403; Ex. 105, but Inmate Egbuonu
has never violated any of the ALDOC AR rules and regulations and
prison official and others have not stated otherwise or prove the
same.   Ex. 28

At no time were sanctions, citation, denial, disciplinary
actions issued to Inmate Egbuonu by prison official and others
for: 1) filing any false statement or complaint for the stated
above described Constitutional obligations;  2) failure to follow
direct prison order;  3) failure to follow law libraian clerk
order;  4) failure to request/file access to legal materials and
law library form N944L i :  5) filing any false allegation against
prison official, contractor and law librarian;  6) violating of
any ALDOC AR rules or regulation.  Ex. 28, 2, 44-48, 53-58, 61,
67-68, 81, 83-87, 93, 100-107, and Def. Ex. 11, 12

Commissioner Allen and others are responsible for the defi-
ciency of the internet material mail and law library final poli-
cies and regulation and because they instituted that system, def-
ined the obligations of the mail room clerk, law library, contract

11

counsel/contractors, and as a result , the Commissioner Allen and others are liable for their own actions which impeded the Inmate Egbuonu's access to the incoming mails containing internet material text prints, legal material, adequate law library, access to the Court and Inmate Egbuonu's actual irreparable harm and injury.

Commisioner Allen and others facilitate prison conducts, approve it, condone it and turn a blind eye for fear of what he might see in other words act either knowingly or with deliberate reckless indifference when he failed to response to Inmate Egbuonu's complaint letter or intervene and correct the unconstitutional conduct by his prison officials and contractors. Ex. 67, 83.

Inmate Egbuonu's evidences before the Court is not only believable prior to discovery, but compelling that Commissioner Allen and others  were aware, possessed knowledge that Plaintiff have never been to, nor had contact with the State of Alabama, was falsely labelled fugitive from Alabama in the 21st Century and extradited to Alabama inconsistent with Federal laws and Constitution of the United States and Universal Declaration of Human Rights subjected to t r i a l  before the Alabama State Tribunal pursuant to the Alabama State Code § 13A-8-186 with the hometown jury of the Alabama State's accuser where no crime or element of crime was committed. Ex. 3, 4, 12, 14, 15-18, 27, 30, 98

Commissioner Allen was  aware and possessed knowledge that Inmate Egbuonu was tried in the Alabama State in absence of the the Constitutional due process and jurisdiction of the United States irrespective that the Constitution mandate criminal trial

12

shall be held where crime was committed. Ex. 3, 4, 12, 14, 15-18,
27, 30, 67, 97, 98, U.S.C. Article I, III, IV, VI and U.S.C. Amend-
ment 5, 6, 8.    Commissioner worked alone and together with others
to denied deprived Inmate Egbuonu the legal citation decisions he
requested that he needed to conduct research prepare file his
exhausted State's writ before the Federal Court and also denied
him access to receive incoming mail containing internet generated
downloaded material text print in part including the legal mater-
ial decisions that Inmate Egbuonu requested which were not avail-
able in the institution law library.    Ex. 44-48, 51-56, 67, 83

Commissioner Allen was aware and possessed knowledge of
the above described and  t o o k    every step necessary to pro-
hibit Inmate Egbuonu from informing or notifying the Federal Court
timely about the State of Alabama new enacted Code § 13A-8-196
which is in contrary to Federal laws and Constitution of United
States, International Treaties and Universal Declaration of Human
Rights, and as a result of his  actions and inactions, Inmate
Egbuonu have suffered irreparable harm and injury and damages and
loss and continuous incarceration/detention and in addition to as his
   direct appeal is still with the Alabama Court of Criminal
Appeals for rehearing since March 6 or 7, 2008. Ex. 98

Inmate Egbuonu re-alleges and incorporates by references
Commissioner Allen failure to meet the stated above described Con-
stitutional Obligations and failed to train and supervise his
prison officials and contractors and Inmates Egbuonu's attached
evidence exhibits and filed civil complaints and Inmate Egbuonu's
response to Special Report and Answer and Affidavits and states

13

Allen

that Commissioner Allen has violated Inmate Egbuonu's First,
Eighth and Fourteenth Amendments Constitutional rights, Federal
and State laws and regulations respectively as with respect to
Inmate Egbuonu's claim for relief and has engaged in intentional
or reckless conduct, the conduct extreme and outrageous, the
conduct caused the Plaintiff sleeplessness, emotional distress,
damages, economic and non-economic loss and was severe. Commissioner Allen has worked alone and together with others to form a
custom policy which violates Inmate Egbuonu's F i r s t  a n d
Fourteenth Amendments' Constitutional rights, Federal and State
law and regulations respectively in all manner

*Egbuomu Zephyr*
_____
Zephyrinus Egbuonu
(Acting Pro-Se)


**STATE OF LOUISIANA**

**OAKDALE, LOUISIANA**

        Sworn to and subscribed before and under my hand official
seal this the __19TH__ day of March, 2008.

                    *053496*
                _____
                    **Notary Public**

My Commission expires: _at death_

14

## CERTIFICATE OF SERVICE

I hereby certify that I have this 19th day of March, 2008 served a copy of the forgoing attached, by first-class United States Mail, postage prepaid and addressed upon the following:

Tara S. Knee

Assistant Attorney General
Assistant General Counsel
Alabama Department of Corrections
Legal Division
Post Office Box 301501
Montgomery, Alabama 36130-1501

*Egbuonu Zephyr*

Zephyrinus Egbuonu
(Acting Pro-Se)
27041-265 FDC
Federal Detention Center
Post Office Box 5010
Oakdale,
Louisiana 71463